A. H. LEE, plaintiff in error, *vs.* W. W. NELMS, defendant in error.

1. In order for the plaintiff to recover on the basis of triple damages for injury to animals, under section 1445 of the Code, he must sue for triple damages, (expressly remitting or releasing a part when it is necessary to give the county judge jurisdiction,) and must, moreover, allege that the defendant's inclosure was not protected as the law requires.

2. Though for even voluntary *torts* committed by a servant in the prosecution and scope of his business, the master is liable, Code, section 2961, care should be taken not to cast on him responsibility for *torts* of that class without sufficient evidence that the servant committed them in the prosecution and scope of such business; more especially, where the measure of damages may go far beyond compensation for the actual injury, and operate as a penalty.

3. The admissions by a servant of past wrongful acts, are evidence against himself, but cannot be used to charge his master.

Trespass. Pleadings. Damages. Master and servant. Evidence. Principal and agent. Before Judge HALL. Newton Superior Court. March Term, 1876.

Nelms commenced an action of trespass against Lee in the county court of Newton county, by filing the following account:

"*A. H. Lee, to W. W. Nelms, Dr.*                              *$100 00*

" To damage done to stock of plaintiff, by the command and permission of defendant, by Jack Lee and John Davis, on the plantation of defendant, during the year 1875, from the 1st of August to the 15th of October, as will appear from the following:

" 1 black cow with white face, beaten on the back . . . . . . . . . $20 00
" 1 dun cow, cut in right flank and hind quarter . . . . . . . . . . 10 00
" 1 hog, killed by dogs and by blows from rocks . . . . . . . . . . 10 00
" 1 sow, beaten so that she lost her pigs, and her ears cut off . . .   5 00
" 1 hog, beaten and maimed . . . . . . . . . . . . . . . . . . .   5 00
" 1 hog, one ear cut off and one torn off . . . . . . . . . . . .   5 00"

The defendant pleaded the general issue, and that no stock was injured on his plantation by his knowledge or consent, except one hog, which was, by agreement between plaintiff and defendant, to be caught with dogs.

The county court rendered judgment for the plaintiff for $100 00, and the case was carried, by appeal, to the superior court. In the latter tribunal the above account was amended so as to read as follows:

" To damage done to stock of plaintiff, to-wit : 2 cows and 4 hogs, by command and permission of defendant, by Jack Lee and John Davis, defendant's servants, at the time on the plantation of defendant in the year 1875, from the 1st of August to the 15th of October, as will appear from the following :" (Same items as above.)

Plaintiff proved the damage to his stock to have been $55 00. He testified that he did not know where his stock was injured, but supposed on defendant's place, as they ranged in that direction; that John Davis told him that he and Jack Lee had hurt witness' stock; and if witness did not keep his stock out of defendant's plantation he would hurt them again ; that Jack Lee told him substantially the same thing. That defendant's fence was not more than three and a half feet high; that defendant told witness that if he did not keep his stock out of his plantation he would have them killed, even if he

had to pay for them; that John Davis and Jack Lee were hired by defendant and working on his plantation.

Plaintiff was corroborated by other testimony as to the damage to his stock, and as to the height of defendant's fence.

J. T. Henderson testified that John Davis swore (presumed on trial in county court) that defendant had told him if any cattle got into his place to rock them out; that he accordingly did catch one hog of plaintiff's with two dogs, and threw him over the fence, but did not hurt him; that he and Jack Lee did rock plaintiff's cattle out of defendant's plantation, from time to time, in the summer of 1875.

Davis and Lee testified that they had driven plaintiff's stock off of defendant's place, but had not injured them; that defendant instructed them not to injure such stock; to rock them if they got into the swamp, but not to hurt them. The former stated that he and Lee had rocked plaintiff's cattle in the swamp, but had not injured them. The latter denied throwing any rocks at the stock at all.

The defendant testified in substance as follows: Davis and Lee worked on his place as servants. Instructed them to drive off any stock which came on his place without hurting them. If cattle went into the swamp to rock them out, but not to injure them. One of the plaintiff's hogs got into the field and into the swamp, and they could not eject him. Told plaintiff to come over next morning at nine o'clock and help get him out as he did not wish to injure the hog. The plaintiff did not come. The hog was caught with dogs and put out. Never made to plaintiff the observation as to killing his stock as testified to by him. Told him that he thought it would be cheaper for witness to kill his stock and pay for them. The fence around his place is as good as the ordinary fencing in the neighborhood. It is not a lawful fence. Bad fences made bad cattle.

The jury found for the plaintiff $156 00. The defendant moved for a new trial upon the following, among other grounds, to-wit:

Lee *vs.* Nelms.

1st. Because the verdict was contrary to the law and the evidence.

2d. Because the verdict of the jury was erroneous in this: the county court in which said suit was originally brought, had no jurisdiction beyond $100 00, and therefore the amount of said verdict could not have been for more than the jurisdiction of said court.

The court sustained the motion on the last ground, unless plaintiff would remit the excess over $100 00 found by the jury. The plaintiff complied with this condition and the new trial was refused. To this defendant excepted.

E. F. EDWADRS, for plaintiff in error.

EMMETT WOMACK, for defendant.

BLECKLEY, Judge.

1. The plaintiff below sued for $100 00 damages, but set out a bill of particulars amounting to much less. The jury gave him more than he claimed—that is, more than $100 00. The court, on the motion for new trial, disapproved of the excess, but left the verdict to stand for the $100 00. The suit was brought originally in the county court, and went to the superior court by appeal. The jurisdiction of the county judge, in cases of *tort*, does not extend to more than $100 00 damages; but where the claim is for more, provision is made for remitting or releasing so much as will reduce it to that sum: Code, section 282. The *tort* sued for, was injury done to certain domestic animals belonging to the plaintiff, but there was no allegation that the defendant's inclosure was not protected by a lawful fence, or that the plaintiff claimed, or that the defendant was liable for, three times the damage. To sustain the action, as founded on the Code, section 1445, some notice should have been given, in the pleadings, of these two matters. The statute is highly penal, and when the large penalty which it prescribes is sought to be recovered, the defendant should be fairly warned by the action that the right

Lee *vs.* Nelms.

to have triple damages is asserted. Not less material, is the attack to be made on the sufficiency of his fence. The want of a lawful fence must be alleged and established. In the plaintiff's pleadings, we perceive nothing, whatever, to indicate that he meant to found his action on the Code, and not on the general law. The special conditions to rest it on the Code do not appear. And treating it as founded on the general law, the amount of the verdict, even as modified by the judge, is much too large, being in excess of all the damage sustained.

2. The evidence fixes no *tort* upon the defendant, committed by himself, in person. Granting that he is liable for the wilful as well as the negligent acts of his servants, it is only for such acts as were committed in the prosecution and scope of the master's business. Looking alone to the legal evidence in the record, we should have much difficulty in holding that there is enough to show that the plaintiff's property was injured by the defendant's servants whilst they were acting within the scope of their employment. It seems difficult to tell whether the injury was done whilst the animals were in the defendant's field or not. Care should be taken not to go, beyond the evidence, and what is fairly inferrable from it, in fixing the defendant's liability; more especially, if he is to be held accountable for treble damages.

3. As to admissions made by the servants after the injury was done, and so remote in time as not to be part of the *res gestœ*, they are not, in this action, to be treated as evidence at all. Though they would be good against the servants who made them, they count for nothing against the master: 53 *Georgia Reports*, 395, 635.

Judgment reversed.