CRAWFORD *v.* CRAWFORD.

Under the statute (Code, §1445) declaring that if the owner of an enclosure not protected by a lawful fence shall kill or injure any animal breaking in he is liable in three times the damage, a person is to be deemed the owner whose farm is enclosed together with an adjoining farm by a fence common to both and who uses a barn situated within the enclosure on the adjoining farm for the storage of hay; and he is liable, under this statute, for killing cattle within the enclosure upon the adjoining farm, the killing being provoked by trespass of the cattle upon hay stored in the barn.                              *Judgment affirmed.*

December 28, 1891.

Damages. Live stock. Before Judge ATTAWAY. City court of Cartersville. December term, 1890.

Dave Crawford sued B. O. Crawford for triple damages, because of the killing of cattle by the defendant in defendant's field not enclosed by a lawful fence. There was a verdict for plaintiff for $105; and defendant's motion for new trial having been overruled, he excepted. The motion complains that the verdict was contrary to evidence, etc., and that the court erred in refusing to

charge: "If the jury find from the evidence that defendant killed the plaintiff's cows on the lands of James B. Crawford and not on the lands of defendant himself, and that defendant on the morning defendant killed the cows found them at the barn of J. B. Crawford, and that they ran into some woods near the barn on the lands of J. B. Crawford, and that defendant killed them there, then plaintiff could not recover triple damages of defendant." Also, that the court erred in charging that "if the defendant killed the cows for the reason that they had been in his field around which there was no lawful fence, then he would be liable for triple damages whether they were killed on his own land or not."

There was conflict in the evidence as to the ownership of the cattle and as to their value, the estimates of value ranging from $15 to $55. There was testimony for defendant that he was told by one Ryals, who defendant claims was the real owner, to shoot the cattle if they got into defendant's field again, they having been in the field before the day upon which they were killed. The evidence showed that the land of the defendant and J. B. Crawford was enclosed by the same outside fence; that there was a barn on J. B. Crawford's land in which defendant had hay stored; that the fence was J. B. Crawford's and not a lawful fence; and that the cattle were shot at the barn where they were destroying the hay. Defendant testified, among other things, that they were not on his land and had not been on that occasion, and there was no evidence to the contrary.

J. M. NEEL and M. R. STANSELL, for plaintiff in error, cited 57 *Ga.* 253; 72 *Ga.* 815.

No appearance *contra.*