## 16662.  EASON *v.* JOY FLORAL COMPANY.

BROYLES, C. J.  1. Where a servant, while not engaged in the performance of his master's business, and during a time when he is free to engage in his own pursuits, uses his master's automobile for his own purposes (although he does so with the knowledge and consent of his master), and, while so using it, negligently injures another by its operation, the master is not liable for the injuries. *Fielder* v. *Davison,* 139 *Ga.* 509 (5) (77 S. E. 618); *Dougherty* v. *Woodward,* 21 *Ga. App.* 427 (1) (94 S. E. 636).

2. Under the above-stated ruling and the particular facts of the instant case, the court properly directed a verdict for the defendant. While it is true that there were some slight conflicts in the evidence, none of them was on a material issue, and the evidence as a whole demanded the verdict directed. "The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded." *Sanders Mfg. Co.* v. *Dollar,* 110 *Ga.* 559 (2) (35 S. E. 777); *Skinner* v. *Braswell,* 126 *Ga.* 761 (2) (55 S. E. 914); *Shedd* v. *Standard Sewing Machine Co.,* 21 *Ga. App.* 373 (2) (94 S. E. 646); *Hamlin* v. *Lupo,* 24 *Ga. App.* 408 (2) (101 S. E. 5).

3. The above-stated rulings are not affected by the fact that the evidence for the plaintiff raised a presumption against the defendant, and that the witnesses for the defendant (whose testimony rebutted the presumption) were sought to be impeached by proof of contradictory statements and of conflicts in their testimony, since the impeaching evidence went wholly to immaterial issues and would not have authorized a finding that the witnesses had been discredited. See, in this connection, *Georgia Southern & Fla. Ry. Co.* v. *Thompson,* 111 *Ga.* 731 (36 S. E. 945).    *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 10, 1925.

Action for damages; from city court of Atlanta—Judge Reid. June 6, 1925.

Application for certiorari was made to the Supreme Court.

*Hewlett & Dennis, Harwell, Fairman & Barrett,* for plaintiff.

*Jones, Evins, Moore & Powers,* for defendant.