23340.   HARMON *v.* SOUTHEASTERN COMPRESS & WAREHOUSE COMPANY.

DECIDED FEBRUARY 2, 1934.

*J. Richard Bowden, Horace M. Holden,* for plaintiff.
*Tye, Thomson & Tye, R. A. Edmondson Jr.,* for defendant.

SUTTON, J.  Plaintiff sued the defendant company for damage alleged to have been sustained by reason of injuries inflicted upon her by the defendant's servant while acting within the scope of his employment. It appears from the petition, which on demurrer must be construed most strongly against the plaintiff, that the injury occurred while the defendant's servant was driving his own automobile, en route to Savannah, returning from a visit to his family in Atlanta; that while working for the defendant in Savannah said servant maintained his residence in Atlanta, and kept his family there, all with the knowledge and consent of the defendant, that he was paid a monthly salary and his salary was paid up

at the time of the accident, that he made periodic trips from Savannah to Atlanta to see his family, that part of the traveling time of these trips was during working hours of the defendant's Savannah plant, that the traveling time consumed by said servant in making said periodic trips to Atlanta was allowed him in lieu of the usual two-weeks yearly vacation, and that such trips were allowed him without deduction of pay. The court properly sustained a general demurrer and dismissed plaintiff's petition because it affirmatively appears from the allegations thereof that the injury to plaintiff by the servant occurred during a time when the servant was not acting within the scope of his employment or in and about his master's business in any way, but was engaged upon a private enterprise for his own benefit. Civil Code (1910), § 4413; *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470 (65 S. E. 322); *McIntire* v. *Hartfelder,* 9 *Ga. App.* 327 (71 S. E. 492); *Powell* v. *Cortez,* 44 *Ga. App.* 205 (160 S. E. 698).

*Judgment affirmed. Jenkins, P. J., and MacIntyre, J., concur.*