24463. UNITED STATES CASUALTY COMPANY *v.* SCOTT.

</div>

SUTTON, J. 1. The director of the Department of Industrial Relations was authorized to make a finding (which was affirmed by the full board) that the injury received by the claimant was not compensable, in that said injury did not arise out of and during the course of his employment. This being so, neither this court nor the superior court should, upon what is termed the general grounds, reverse such finding. *Maryland Casualty Co.* v. *England*, 160 *Ga.* 810 (129 S. E. 75) ; *Cooper* v. *Lumbermen's Mutual Casualty Co.*, 179 *Ga.* 256, 262 (175 S. E. 577). The fact that the director of the Department of Industrial Relations in his finding stated that this case was controlled by a certain decision of this court, which was later reversed by the Supreme Court, would not require that the award be set aside, where such finding, regardless of the application of the wrong principle of law, was based upon the evidence adduced before the director, which supported his finding that the claimant's injury did not arise out of and during the course of his employment. See *Crittenden* v. *Southern Home B. & L. Asso.*, 111 *Ga.* 266 (5) (36 S. E. 643) ; *Linder* v. *Whitehead*, 116 *Ga.* 206 (2) (42 S. E. 358).

2. The evidence fully authorized a finding that the claimant was a newsboy, 12 years old, employed by the Atlanta Journal, that he had a newspaper route in the city of Atlanta, that he delivered papers each day beginning at 3:30 p. m., on week days, and early in the morning on Sundays, that he collected from his patrons at various times, but principally each Saturday morning, that his duties also consisted in obtaining new subscribers to the paper, so as to keep his route up, that he solicited such subscribers at various times during each day except Sundays, that at the time of the injury for which compensation is sought, which happened on a Saturday, claimant had made his collections and had returned to the office of his employer and brought the money collected and his route-book, that he received a commission on the amount of money collected, that on the occasion in question he

turned the money over to the employer, that about 12:30 noon he started back to his home, carrying his route-book, that he had not stopped on the way from the office of his employer to the scene of the injury, except for traffic lights and signals, that when he reached that point,—a street intersection in said city,—the bicycle he was riding and an automobile collided, resulting in his injury, that he was not to begin the delivery of his Saturday afternoon papers until 3:30 on that particular afternoon, that he was going home from the office of his employer, and that at the time he was so injured his time was his own, to do with as he wished and to go where he chose. In these circumstances, the finding of the single director, approved by the full department, the effect of which was that the injury was not compensable, because it did not arise out of and during the course of his employment, was supported by evidence, and the superior court erred in setting aside the award and finding of the Department of Industrial Relations. See *Ocean Accident & Guarantee Cor.* v. *Farr*, 180 *Ga.* 266 (178 S. E. 728).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 9, 1935.

*Sidney Smith, James N. Frazer,* for plaintiffs in error.
*Noah J. Stone,* contra.