27765. ATLANTA COCA-COLA BOTTLING CO. *v.* CHILDERS.

DECIDED OCTOBER 27, 1939.

*T. J. Long,* for plaintiff in error.   *Walter A. Sims,* contra.

FELTON, J.   A motion was made to dismiss the writ of error, on the ground that the bill of exceptions was not verified as required by law. The trial judge having died before the verification of the bill of exceptions, the plaintiff in error sought to have the exceptions verified by its own attorney, and by Clifford E. Thomas, who claimed to be a member of the bar. It is developed in the motion that Mr. Thomas was not registered with the clerk of the superior court of Fulton County, as is required by law; that he had not paid any professional tax required of lawyers for the past three years; that he was appointed secretary to Judge E. D. Thomas in January, 1938; that he was not present at the trial of the case; that a professional tax was levied; and the validity of a lawyer's license to practice was contingent on the payment of the tax. There are affidavits filed in support of the motion to dismiss, the only one necessary to mention here being the one concerning the presence of Mr. Thomas at the trial of the case. In that affidavit the deponent said that he was present during the trial of a part of the case; that Mr. Thomas was not there all the time the deponent was there; that when Mr. Thomas was there he was acting as a special bailiff to the judge; and that the deponent had never seen him act in the capacity of attorney or member of the bar. The other facts necessary to a decision are shown in the opinion.

The Code, § 6-906, provides: "If the judge trying the cause shall resign, or otherwise cease to hold his office as judge, when the bill of exceptions shall be tendered, he may nevertheless sign and certify; and if he shall die before certifying the same, or otherwise become incapable of acting, the party may verify his bill of exceptions by his own oath, or that of his attorney, together with the oath of at least one disinterested member of the bar who was present at the trial; and such verification shall operate in the same manner as the certificate of the judge. If the judge shall be absent from home, or by other casualty shall fail to certify the bill of exceptions within the time specified (and without the fault of the party tendering), he may sign and certify as soon as possible, which shall be held and deemed valid."

This refers to a member of the bar, as distinguished from an attorney at law licensed to practice. The statute is in derogation of common law, and is strictly construed. One may be a member of the bar in this State, and still not be entitled to practice law. Code, §§ 9-109, 9-112, 9-117, 9-122, 9-123. The license fee of $5 prerequisite to admission to the bar is a separate and distinct thing from the license tax provided by the general tax act of 1935. The former is a license fee; the latter a license tax.

■ Literally construed, Code § 6-906 refers to such member of the bar who was present at the trial of the case being appealed. It does not say one who was present at all times, or one who was present at all times and who heard every word of the trial of the case. One might as well be absent from the court for a time as to be present and not attentive to what is occurring on the trial. The intention of the law is to provide a reasonable statutory method of appeal in emergency, and it seems that justice is just as well done by providing a liberal method of appeal under such circumstances as to shut it off by unreasonable strictness of requirements in circumstances not caused or possible to be avoided by the appellant. The affidavit of the member of the bar certifying the bill of exceptions is not attacked as being untrue in any respect, so far as the statements and specifications in the bill of exceptions are concerned. Accordingly, the motion to dismiss the writ of error is denied.

■ During the trial of this case before a judge and jury, counsel for the plaintiff, in his opening argument to the jury, called to the attention of the court the case of *Atlanta Coca-Cola Bottling Co.* v. *Sinyard*, 45 *Ga. App.* 272 (164 S. E. 23), and read to the court in the presence of the jury the following excerpt from the opinion of the Court of Appeals in that case: "This was a suit for damages alleged to have been sustained on account of drinking foreign matter contained in a bottle of Coca-Cola manufactured, bottled, and sold by the defendant bottling company. The jury found in favor of the plaintiff." Whereupon counsel for the defendant objected in the following language: "May it please your honor, I am sure counsel knows better than to read in the presence of the jury what verdict was rendered in some other case. I am not making a motion for a mistrial, but I am objecting and ask the court to instruct the jury to disregard this statement that the

jury found for the plaintiff, and am asking the court to reprimand and rebuke counsel in the presence of the jury for reading this statement from the report of the case." Upon this motion the court made the following ruling: "I am sure that was a slip of the tongue on the part of Mr. Sims. Gentlemen, as I understand the rule, counsel have the right to read in the presence of the jury the law as announced by the Court of Appeals, but counsel can not read the facts of other cases."

In *Southern Railway Co.* v. *Brown,* 126 *Ga.* 1 (54 S. E. 911), and *Brooks* v. *State,* 183 *Ga.* 466 (188 S. E. 711, 108 A. L. R. 752), it was held by the Supreme Court that where an improper argument was made, the counsel for the opposite party, in addition to his objection to the argument, might move for appropriate instructions to the jury, or for a reprimand or rebuke of counsel, in order that the jury might be impressed with the grave nature of the impropriety which had taken place, or, if the impropriety was of a very grave nature, that he might move to declare a mistrial; and that upon the refusal of the court to do that which ought to have been done on the motion, the conduct of the judge would be open to review. Counsel in this case elected not to treat the impropriety as so grave as to warrant a mistrial, but to treat it as one the effect of which could be overcome by an instruction to the jury to disregard it and a reprimand of counsel. These things should have been done; and under the rulings of the Supreme Court the failure of the judge to do what was required renders his conduct subject to review. The judge not only did not reprimand counsel but sought to excuse his error. Neither did he instruct the jury to disregard the statement. The purpose of a rebuke to counsel is not so much to reflect upon him, criticize him, or discipline him, as to impress the jury with the gravity of his impropriety, whether he committed it in ignorance, unwittingly, or deliberately. The harmful effect of a prejudicial remark is not so easily remedied by the fact that it is declared to be innocently done. The opposing party is entitled to a trial without the effect of the harm, whether it is innocent or not; and we are required to hold that the court erred in not sustaining the motion of counsel, and in not reprimanding the offending counsel, and in not instructing the jury explicitly to disregard his prejudicial argument. It was error to overrule the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*