28415. ATLANTA COCA-COLA BOTTLING COMPANY *v.* CHILDERS.

DECIDED NOVEMBER 20, 1940.

*T. J. Long,* for plaintiff in error. *Walter A. Sims,* contra.

BROYLES, C. J. This is a suit by Mrs. Childers against Atlanta Coca-Cola Bottling Company. Her petition alleged that on December 14, 1937, she bought from the cafeteria operated by the Southern Bell Telephone Company a bottle of coca-cola; that while drinking the coca-cola she discovered it contained small particles which she at first thought were small pieces of ice, but after drinking about one half of the contents of the bottle she found out that the particles were small, broken pieces of glass; that she swallowed more than a teaspoonful of the glass; that soon after swallowing the glass she discovered that her lips were cut and bloody; that as a result of swallowing the glass particles her mouth and throat were cut and bled profusely; that particles of the glass stuck in the skin and membrane of her mouth and throat and in her intestines and stomach, and that for days afterwards she passed blood from her rectum; that as the result of the glass entering her stomach and intestines she passed the glass through her rectum, and that particles of the glass stuck in the walls and lining of the rectum, inflaming said walls and lining and causing her to have hemorrhoids from which she suffered "for the past several months and will always suffer, as a result of her said injuries, from an irritation of the sigmoid and walls of her rectum;" that as a result of her injuries she was under the care of a physician and surgeon for about three weeks and unable to work during that time, and suffered great physical pain and mental anguish; that she suffered pain in her mouth, throat, stomach and bowels, and will always suffer as the result of her injuries; that her stomach and intestines will have ulcers and sores as a result of the glass particles "sticking in the walls of the same;" that at the time of her injuries she was twenty-five years old, reasonably healthy, and employed as a telephone operator by the Southern Bell Telephone & Telegraph Company; that her injuries are permanent, and as a result thereof she

will always suffer great physical pain and mental anguish. She alleged that she had been damaged in the amount of $25,000. The jury returned a verdict in her favor for $2500. A motion for new trial was overruled, and the defendant excepted. This is the second trial of this case. On the first trial the plaintiff was given a verdict and judgment for $500, and the judgment denying a new trial was reversed by this court (*Atlanta Coca-Cola Bottling Co.* v. *Childers,* 60 *Ga. App.* 868, 5 S. E. 2d, 388), on the ground that a new trial should have been granted because of the improper and prejudicial argument of the plaintiff's counsel.

On the trial now under review the evidence, direct and circumstantial, while conflicting, authorized a finding in favor of the plaintiff. It is contended, however, by the plaintiff in error, that the verdict is excessive, and one of the reasons given in support of the contention is the wide difference between the amounts of the verdicts on the two trials of the case, and the decision in *Powell* v. *Augusta & Summerville R. Co.,* 77 *Ga.* 192 (14) (3 S. E. 757), is cited. In that decision the court made the following ruling: "Two verdicts, finding heavy damages for the alleged injury, having been rendered, the second for more than twice as much as the first, the wide difference between them in amount may, in the light of the whole case, justify the judicial mind in suspecting bias or prejudice; and the presiding judge having ordered a new trial because the second finding was excessive, and this court not being thoroughly convinced that there was error in so doing, affirms the judgment." The clear distinction between that case and the instant one is that there the judge did not approve the amount of the second verdict, but considered it excessive, while here, the judge, in his discretion, approved the amount of the second verdict, evidently considering it not excessive, and we say (as did the court in the above-stated case): "And this court, not being thoroughly convinced that there was error in so doing, affirms the judgment." Under all the facts of the case we do not think that we can hold that the amount of the verdict shows bias or prejudice on the part of the jury. Possibly the trial court could have so held, as was done in the *Powell* case, supra. We repeat what was said by this court in *City of Rome* v. *Davis,* 9 *Ga. App.* 62 (70 S. E. 594); "The existence of prejudice or bias can not rest upon suspicion. That the verdict was the result of prejudice and bias must be shown; and even if individually we

thought the verdict was large, we find nothing in the record to indicate that the jury were influenced by prejudice or bias. The law fixes no measure for pain and suffering except the enlightened conscience of impartial jurors, and perhaps the force of the complaint that the verdict is too large would be weakened if any one of us could substitute ourselves for the plaintiff in any particular case, and were forced ourselves to endure the suffering that the plaintiff endured. In any event, in the absence of plain proof that the verdict was the result of prejudice or bias, this court will not interfere."

An excerpt from the charge of the court is assigned as error on the ground that it authorized the jury to award damages on account of piles and hemorrhoids. In our opinion the assignment is without merit. The direct evidence amply authorized a finding that the plaintiff was suffering from hemorrhoids; and the evidence, while in acute conflict as to whether the hemorrhoids were caused by the swallowing of the particles of glass, was sufficient to sustain the finding of the jury on that issue. The verdict was authorized by the evidence, and none of the special assignments of error shows cause for a reversal of the judgment.

*Judgment affirmed. McIntyre and Gardner, JJ., concur.*