### 33035. RUFF *et al. v.* GAZAWAY.

DECIDED JUNE 21, 1950. REHEARING DENIED JULY 26, 1950.

154

*C. Baxter Jones Jr., Powell, Goldstein, Frazer & Murphy,* for plaintiffs in error.

*H. Dean Minor, Isaac M. Wengrow,* contra.

GARDNER, J. The evidence affirmatively discloses the following: The defendants were engaged in the business of hauling freight by motor trucks. In their employ as a dispatcher of trucks at a terminal depot of the defendants was one Garrison. He was not employed to drive a truck and had nothing to do with operating the defendants' motor vehicles. On a Saturday morning this servant of the defendants borrowed from one of the defendants a motor truck belonging to them for the express purpose of being used by him on that afternoon for a hunting trip. On the Sunday following, around noon, this servant of the defendants drove this truck of the defendants to see a friend of his at a place where the servant had formerly worked in order to have lunch with this friend. The servant had in mind seeing some men relative to going to work for the defendants. While on this trip, he drove the defendants' motor truck into the automobile of the plaintiff. In these circumstances, the evidence demanded a finding that the defendants' servant and employee was not operating their motor truck, at the time he drove the same into and against the automobile of the plaintiff, within the scope of his employment with the defendants and was not engaged in any business for them, but was engaged on a private errand or mission. The fact that this servant of the defendants was driving the defendants' motor truck, which had been loaned to him to drive on a hunting trip, would not, in the absence of other facts, authorize any finding that the defendants were chargeable with any act of the servant in the operation of such

truck. Also, the mere fact that the defendants' manager had suggested to defendants' servant that if he could find any men who would be interested in working for the defendants to have such men come to see him, together with the fact that on the occasion this servant drove defendants' truck against the plaintiff's car, such servant had in mind seeing some men relative to working for the defendants was insufficient to authorize the jury to find that such servant was engaged in business for the defendants and within the scope of his employment when he injured the plaintiff.

The liability of a master for torts committed by his servant is limited to such as are affirmatively shown to have been committed in the prosecution of the master's business and within its scope. *Lee* v. *Nelms*, 57 *Ga.* 253. To render a master liable for his servant's tort, the servant must be acting both in the prosecution and within the scope of the master's business. See Code, § 105-108; *Selman* v. *Wallace*, 45 *Ga. App.* 688 (165 S. E. 851).

The principle laid down in *Fielder* v. *Davison*, 139 *Ga.* 509 (77 S. E. 618), and followed by several cases of both this court and the Supreme Court that, "if a chauffeur negligently injures a person by the operation of his master's automobile, the master will be held liable for the tort of his servant, if done by his command or in the prosecution of his business," is not at all applicable in the instant case. Rather, the principle set out in the 4th headnote of that decision that if a chauffeur, while not engaged in the prosecution of his master's business, takes the automobile of the master for the purpose of making a personal trip, and while making this trip negligently runs into the plaintiff's car and damages him, the master is not liable, applied.

Such cases as *Hotel Equipment Co.* v. *Liddell*, 32 *Ga. App.* 590, 600 (124 S. E. 92), *Perry* v. *Lott*, 38 *Ga. App.* 729 (145 S. E. 479), *Graham* v. *Cleveland*, 58 *Ga. App.* 810 (200 S. E. 184), and others are clearly inapplicable under the undisputed facts in evidence. Here the evidence affirmatively discloses that the defendants' servant, Garrison, was not operating the truck either about their business or within the scope of his employment with the defendants. He was not employed to drive the defendants' motor vehicle. He did not even have a driver's

license. He was admittedly engaged on a personal errand at the time. Such servant, while in the general employment of the defendants, was not directed, expressly or impliedly, to take this truck with him on the occasion involved for the purpose of performing any service for the defendants. See *Hall* v. *Cassell*, 79 *Ga. App.* 7, 8 (52 S. E. 2d, 639).

The fact that the servant was a witness and that on direct examination testified that he was in the defendants' employ when he drove their truck against the plaintiff's car is not sufficient to create, any inference or presumption that such servant was at the time engaged in the business of the defendants or within the scope of his employment with them, particularly when he testified on cross-examination that he was not on duty for the defendants when this accident took place, that he meant, by stating on direct examination that he was in the employ of the defendants at the time, that they were his employers during that time but that at the time he so ran into plaintiff's car he was engaged on a purely personal mission for himself and that he asked for and obtained permission to use this truck for that purpose. See *Evans & Pennington* v. *Scofields Sons Co.*, 120 *Ga.* 961 (48 S. E. 358).

It follows that the verdict for the plaintiff was not authorized by the evidence and that the verdict in his favor was contrary to the law and the evidence. Accordingly the trial judge erred in overruling the defendants' motion for a new trial on the general grounds.

In the above view, it becomes unnecessary to pass upon any of the other assignments of error.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*