34849. J. W. STARR & SONS LUMBER COMPANY
*v.* YORK.

Decided October 16, 1953.

24

*T. J. Long, Nick Long,* for plaintiff in error.

*Harold Sheats, Paul B. Huckeby,* contra.

GARDNER, P. J. ■ While counsel for the defendant insists upon our consideration of the general grounds, each and every argument is predicated upon the theory of agency or no agency. The evidence is amply sufficient to sustain the verdict.

■ We shall, therefore—following the argument and citations of authority of counsel for both the plaintiff and the defendant— proceed to secure a complete picture of the agency question here involved. It is sometimes difficult to evaluate evidence into our present concept of agency as reflected by legislation and adjudication so as to avoid abrogation or extension of the principal elements of agency. We do not find this difficult in the instant case. It appears very clear to us that the driver of the truck, McBride, was the agent of the defendant. In order that our position may appear tenable to able counsel for all parties in the instant case, we shall carefully analyze cited cases both pro and con.

Counsel for the defendant cite Fielder v. Davison, 139 Ga. 509 (4) (77 S. E. 618). That case differs in its facts from the case at bar in that in the Fielder case the car was taken by the chauffeur without the knowledge or consent of the master and used by the servant for his own pleasure, such enterprise being disconnected from any business of the master. In that case the Supreme Court reversed the judge of the lower court because of the erroneously directed verdict. In the instant case the evidence, reiterated hereinabove, showed that McBride was on business for the defendant, with the knowledge and consent of the defendant.

Harmon v. Southeastern Compress &c. Co., 48 Ga. App. 392 (172 S. E. 748), next cited by counsel for the defendant, which appeared before the Court of Appeals on demurrer (and therefore the petition was to be construed more strongly against the plaintiff), held that the lower court properly sustained the demurrer and dismissed the petition because it affirmatively appeared from the allegations that the servant was not about the master's business at the time of the injury, but was engaged on a private enterprise for his own benefits. Such are not the facts in the instant case.

Eason v. Joy Floral Co., 34 Ga. App. 501 (130 S. E. 352) is like the instant case, in that Eason, like McBride, was using the motor vehicle with the knowledge and consent of the master, but Eason was using the motor vehicle for his own pursuit at the time of the injury. Moreover, the court was careful to keep the ruling in the Eason case so as to apply to "the particular facts of the [Eason] case." In the instant case it is sufficiently established by competent evidence that McBride was on his master's business.

The facts in Ruff v. Gazaway, 82 Ga. App. 151 (60 S. E. 2d 467) show that the servant had permission to use the truck, as here, but was not at that time (meaning the time of the injury) in the prosecution of the master's business or within the scope of his employment. In an effort to bring the facts of the instant case within the ruling in the Ruff case, counsel for the defendant argues that McBride's picking up of the hands to work for the defendant was only of indirect benefit to the defendant. We are cognizant of the fact that no official of the defendant's com-

pany admitted telling McBride to bring in the hands, but Mc-Bride, on oath, so stated. It was within the province of the jury to accept or reject either testimony. Since there was so much other evidence to sustain the jury's verdict, this might or might not have influenced them. However, we might observe here that bringing workers to their respective places so that they may work for the defendant, is manifestly very important, indeed, to the defendant. And, as stated hereinabove, there is sufficient competent evidence in the instant case other than McBride's statement on this point. There is no question as to the probative value of McBride's statement. McBride, being sworn as an agent of the opposite party, testified, without objection, to facts which would take such testimony without the scope of the ruling in *Akridge* v. *Atlanta Journal Co.,* 56 *Ga. App.* 812 (194 S. E. 590). But McBride's statement does not stand alone, as shown above. On this point of admission of testimony of an agent, see *Lawhon* v. *Henshaw,* 63 *Ga. App.* 683 (11 S. E. 2d 846). In *Friese* v. *Simpson & Harper,* 15 *Ga. App.* 786 (4a) (84 S. E. 219) this court held: "While agency cannot be proved by mere unsworn declarations of one assuming to be an agent, there is no provision of law that renders the alleged agent himself an incompetent witness to testify to the fact that the relationship exists. One who is in fact the agent of another is just as competent a witness on the subject as the principal himself would be."

In *Render* v. *Hill Bros.,* 30 *Ga. App.* 239 (1) (117 S. E. 258) this court said: "The fact of agency may be established by the direct testimony of the one who has assumed to act as agent [citation] and while the previous declarations of an alleged agent are not by themselves admissible to prove agency [citations] after any such direct testimony has been admitted, or the fact of agency has been clearly indicated by proof of circumstances, apparent relations, and the conduct of the parties [citation], the declarations of the alleged agent, though inadmissible if standing alone, become admissible as a part of the res gestae of the transaction, and as such may be considered in establishing the fact of agency. [citations.]"

McBride's statement acquires more vivid meaning when coupled with the testimony of other witnesses and admissions of witnesses on behalf of the defendant in the instant case. Strict

application of rulings in cases involving tort liability for negligence are not to be applied in construing the relation of principal and agent or master and servant.

If the evidence discloses such relationship as principal and agent—as it clearly does in the instant case—then the rulings in the following cases are the most authentic standard for interpreting the present case. In *Atlanta Laundries* v. *Goldberg,* 71 *Ga. App.* 130, 132 (30 S. E. 2d 349) this court held: "The plaintiff thus established (1) that the laundry truck was owned by the defendant; (2) that Beasley was the employee of the defendant; and (3) that at the time of the collision Beasley was operating the truck. The evidence having thus established those elements, the presumption arose that the servant was about his master's business, acting within the scope of his authority, and that the defendant was liable for his negligent conduct." The burden of procedure then shifts to the other party to overcome such presumption. As to whether or not such presumption has been overcome then becomes a jury question. In the instant case the jury resolved the question of agency or no agency by finding that McBride was the agent of the defendant. Under such circumstances, alleged conflicts of testimony are a jury question and the jury returned a verdict in favor of the plaintiff. McBride's testimony, if believed by the jury, is sufficient to show that McBride had no alternative, in the position he was in, other than to "bring in the hands." Proof that one is the employee of another creates a presumption that he is subject to the employer's orders and control. See *Graham* v. *Cleveland,* 58 *Ga. App.* 810 (200 S. E. 184) and cases therein cited. See also *Ellison* v. *Evans,* 85 *Ga. App.* 292 (69 S. E. 2d 94). Our concept of employment, particularly on the level of McBride's employment, inherently involves orders and control. To our minds, it is clear, under all the evidence disclosed by this record, that McBride was following a custom of taking blocks of wood home for use as firewood, such blocks being taken in a truck belonging to the defendant, taken with the knowledge and consent of the defendant, and that such favors were, according to competent testimony, to good workers who had been with the company for a long time and who had been faithful to the company. Erwin, an official of the Starr Lumber Company, testified that this was

done to "Keep them [the employees] satisfied and keep their good will, and to keep them working . . . we let him [a faithful worker] have them [the wooden blocks], and sometimes, if he is a good worker, we let him have the truck to carry them home with him." That testimony places McBride as a good worker, who is given wood and a truck in which to take the wood home as an inducement to "keep them satisfied," an objective desired by most employers and for which employers are usually willing to pay, in the instant case, not alone with wages, but by giving employees wood and a truck in which to take the wood home. In order to get the wood home and to bring the workers back to work the next day, the truck was used by permission of the principal, and it follows that the truck had to be returned to the company's lot. It was being so returned, with co-workers therein, when the injury occurred. McBride was earning a part of his emolument of employment—a small part, of course—when he was driving the truck which caused the injury, and he was thus, according to the findings of the jury, an agent of the principal, the defendant lumber company. In this verdict of the jury we concur and find no error in this contention.

■ The only special ground is based on allegedly improper remarks made by the plaintiff's counsel during his argument to the jury. The following occurred: "I was trying a case down in Morgan County a few weeks ago, Your Honor, and the jury came in and said, 'We find the plaintiff forty-nine percent negligent and the defendant fifty-one percent negligent, and we, therefore, find for the plaintiff $2,000." Thereupon counsel for the defendant stated: "I make a motion for a mistrial on counsel's statement of what other jurors had brought in, in other cases, in other trials, where he stated what percentage the jurors found as one party's negligence as compared with—the plaintiff's negligence as compared with that of the defendant. I think that is highly improper and prejudicial in a cause of this type." Plaintiff's counsel then said: "I don't think it could possibly have any effect on this case where none of the facts in the case were mentioned or the type of case, nothing about the case. Perhaps I shouldn't have said it, but it couldn't possibly affect anybody in this case and I don't think it had any effect on the jury or on the court or on defendant's attorney or on myself in this

case, and that's what the law looks to." "The Court: Well, I think the statement should not have been made, and I order the jury to exclude it, gentlemen, from your consideration of the case. Do not let it affect your determination of the case in any way. However, I overrule the motion for a mistrial. Proceed." Thereupon counsel for the defendant immediately made a motion for mistrial. The court overruled the motion for a mistrial, as quoted above, and counsel for the plaintiff proceeded with his closing statement.

Movant states that the remark made to the jury, setting out not only what the jury found for the plaintiff in another case, in another county, but also stating the amount of the verdict, was prejudicial and harmful to the movant's cause; that said remark was of a very grave nature and could not be erased from the minds of the jury by the ruling of the lower court; and that the court committed error in not ordering a mistrial in the case; and further, in view of the alleged improper remarks of counsel for the plaintiff, it was impossible for movant to obtain a fair and impartial trial in the case.

It is argued by able counsel for the defendant that it was impossible for the defendant to obtain a fair trial because, although the court acted promptly in stating to the jury that it should disregard the statements made by counsel, the court did not go far enough, and should have rebuked counsel for making the remark hereinbefore set out. In support of this contention, counsel cites *McCoy* v. *Scarborough*, 73 *Ga. App.* 519, 523 (37 S. E. 2d 221). The remark of counsel in that case was nothing similar to the remark of counsel in the instant case; and, furthermore, the court overruled the motion for a mistrial in the case cited, and this court affirmed the court's ruling.

Counsel for the defendant cites *Atlanta Coca-Cola Bottling Co.* v. *Childers*, 60 *Ga. App.* 868, 871 (5 S. E. 2d 388). Counsel in that case did not move for a mistrial, but asked the court to instruct the jury to disregard the statement and rebuke opposing counsel for making the remark. The judge in that case not only did not ask the jury not to consider the remark, but sought to excuse the error of counsel in making the statement. The case was reversed, but counsel's statement in that case was not cured by proper instructions from the court to the jury, and no sort

of reprimand was given counsel. That case has no application to the facts of the instant case.

In the case at bar, we can see no harm to the defendant resulting from the remark of counsel, in view of the court's whole charge to the jury; moreover, as has been held many times by the appellate courts, the trial judge is vested with a broad and sound discretion in the matter of passing upon motions for mistrial, and such ruling will not be reversed unless such discretion is manifestly abused. See *Smith* v. *State*, 204 *Ga.* 184, 188 (48 S. E. 2d 860) and citations on page 189. We think that this principle of law is so well expressed by the Supreme Court that we have seen fit to quote an excerpt therefrom as headnote 3 in the instant case. We cannot say that the judge in the case at bar abused his discretion in refusing to grant the mistrial. There is no merit in this special ground.

The court did not err in any respect in denying the motion for a mistrial, or in denying the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*