111 Ga. App. 598 (1965)
142 S.E.2d 334
INGRAM
v.
LIFE INSURANCE COMPANY OF VIRGINIA.
41254.
Court of Appeals of Georgia.
Argued April 6, 1965.
Decided April 22, 1965.
Roberts & Thornton, Jack M. Thornton, for plaintiff in error.
Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs, contra.
PANNELL, Judge.
"As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes *599 and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work. 5 Blashfield's Cyclopedia of Automobile Law and Practice, 196, § 3041. In this connection, see Elrod v. Anchor Duck Mills, 50 Ga. App. 531, 533 (179 SE 188); United States Casualty Co. v. Scott, 51 Ga. App. 115 (179 SE 640); Welsh v. Aetna Casualty & Surety Co., 61 Ga. App. 635 (7 SE2d 85)." Stenger v. Mitchell, 70 Ga. App. 563, 566 (28 SE2d 885); Chattanooga Publishing Co. v. Fulton, 215 Ga. 880 (114 SE2d 138).
On motion for a summary judgment by the defendant in a suit involving injuries received as the result of an automobile collision, the affidavits and depositions, including the portion of the affidavit of plaintiff excluded by the trial judge on objections by the defendant, showed without dispute that the alleged agent or employee of the defendant was driving his own automobile at the time of collision; that his duties were to sell insurance and collect premiums for which he was paid a salary to collect premiums and a commission on sales of insurance; that he had no fixed hours, except to turn in collections each morning, "and his time was his own" and he could go to lunch when suitable to him; that he was expected to, and did furnish his own transportation and no reimbursement was made to him by the defendant; that he had been to lunch just prior to the collision; that he had a regular area to work in; that the collision did not occur in that area, but about three miles therefrom; that he was not engaged in working at the time of the collision, but was on his way back to work.
Under the applicable rulings and the evidence, the trial judge did not err in rendering a summary judgment in favor of the defendant.
Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.