41894.   SPARKS v. BUFFALO CAB COMPANY, INC.

Argued April 4, 1966—Decided April 25, 1966.

*Northcutt & Edwards, John Ray Nicholson,* for appellant.

*Ross & Finch, Homer A. Houchins, Jr.,* for appellee.

Bell, Presiding Judge. "To hold a master liable for a tort committed by his servant, it must appear that at the time of the injury the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment." *Wilson v. Quick-Tire Service,* 32 Ga. App. 310,

311 (123 SE 733); *Corum v. Edwards-Warren Tire Co.*, 110 Ga. App. 33 (1) (137 SE2d 738). "For a tort committed by the servant entirely disconnected from the service or business of the master, the latter is not responsible under the doctrine of respondeat superior, although it may occur during the general term of the servant's employment." *Fielder v. Davison*, 139 Ga. 509, 512 (77 SE 618).

The supporting affidavit in this case showing that defendant's employee was engaged in the return trip from a visit to his family and that he was not working for his employer at the time but was preoccupied with a personal enterprise of his own was clear, positive and uncontradicted evidence sufficient to pierce plaintiff's allegations predicating defendant's liability upon the doctrine of respondeat superior. "Where a servant, while not engaged in the performance of his master's business, and during a time when he is free to engage in his own pursuits, uses his master's automobile for his own purposes (although he does so with the knowledge and consent of his master), and, while so using it, negligently injures another by its operation, the master is not liable for the injuries." *Eason v. Joy Floral Co.*, 34 Ga. App. 501 (1) (130 SE 352). See also *Harmon v. Southeastern Compress &c. Co.*, 48 Ga. App. 392 (172 SE 748). *Davies v. Hearn*, 45 Ga. App. 276, 278 (164 SE 273); *Starr & Sons Lmbr. Co. v. York*, 89 Ga. App. 22, 25 (78 SE2d 429); *F. E. Fortenberry & Sons v. Malmberg*, 97 Ga. App. 162, 165 (102 SE2d 667); *Ayers v. Barney A. Smith*, 112 Ga. App. 581 (145 SE2d 753), and other cases cited by plaintiff have no application here. In each of the named cases there was evidence authorizing the conclusion that the employee's activities were not entirely disconnected from his employment. Note that a portion of the court's ruling in *Fortenberry & Sons v. Malmberg*, supra, p. 169, was expressly disapproved in *Corum v. Edwards-Warren Tire Co.*, supra, p. 35.

Plaintiff did not present any evidence showing that Walker's operation of defendant's automobile at the time of the collision had any connection whatsoever with Walker's employment. "The time for the party opposing the motion to present relevant evidence or show satisfactory reasons for the nonproduction is

at the time of the hearing on the order to show cause, and if this is not done, it is too late to complain later. *Scales v. Peevy*, 103 Ga. App. 42 (2) (118 SE2d 193); *Studsill v. Aetna Cas. &c. Co.*, 101 Ga. App. 766, 768 (115 SE2d 374)." *King v. Fryer*, 107 Ga. App. 715, 717 (131 SE2d 203).

The trial court did not err in granting summary judgment for defendant.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*