**Don H. McGUIRE, Frances E. McGuire, Michael McGuire and Randall McGuire**

**v.**

**GEM CITY MOTORS, INC., and Emmett Julius Davis.**

Civ. A. No. 11485.

United States District Court
N. D. Georgia,
Atlanta Division.

Feb. 13, 1969.

Morgan & Garner, Chattanooga, Tenn., Cook & Palmour, Summerville, Ga., for plaintiffs.

Shoob, McLain & Jessee, Atlanta, Ga., for defendants.

### ORDER

HENDERSON, District Judge.

This is a diversity suit for damages for injuries suffered in an automobile accident by individual members of the Don H. McGuire family, Tennessee residents, against Gem City Motors, Inc., a now defunct Georgia automobile sales agency, and Emmett Julius Davis, one of its salesmen. Defendant, Gem City Motors, Inc., (hereinafter referred to as Gem City) seeks summary judgment as to it, contending that, because at the

time of the accident defendant Davis was either driving home or on an errand of his own which had no business value to Gem City, it can not be liable for the torts of Davis, under the doctrine of *respondeat superior*. The court agrees, and grants the motion for summary judgment as to the defendant, Gem City Motors, Inc.

Davis was employed by Gem City on or shortly before November 23, 1966, as an automobile salesman. He worked on a commission basis, and was furnished with a demonstrator automobile, a 1966 Mercury Parklane, four door hardtop, which he could use as a demonstrator for prospective customers and for his own use. This included transportation between the company's place of business and his home. The only limitation placed on his use was that he was to have prior permission of Gem City before taking the vehicle out of town or on a long trip, but he was free to use the vehicle in Marietta and Cobb County and in the Atlanta metropolitan area without specific permission from the company. He furnished the gas.

There is no evidence that there was any control exerted by Gem City over Davis, other than as to result, to-wit, the sale of automobiles. It was Gem City policy for its salesmen to remain sober on the job, and not to entertain prospective customers socially or in any other way by the use of alcoholic beverages.

On the date of the accident, November 23, 1966, Davis worked "on the floor", selling automobiles at the business location of Gem City, from 8:30 A.M. to 1:00 P.M., and was to return from 6:00 P.M. to 9:00 P.M. When he left work at 1:00 P.M., he proceeded to the Busy Bee Cafe in Marietta, Georgia, which is on U.S. 41, a four-lane highway, where he met a friend and proceeded to eat hamburgers and to drink beer and whiskey, the whiskey being provided by

the friend. Davis no longer remembers the name of the friend, but he does remember that he made no attempt at the meeting to sell or demonstrate any automobile. He does not recall how much beer was consumed but does remember having four or five drinks of whiskey. Shortly after 3:00 P.M. on that date, Davis left the Busy Bee Cafe in the Mercury to pick his wife up at work and take her home. She was not to get off from work until 4:30 P.M., but he was going to wait for her at her place of employment. While turning from the extreme right northbound lane of U.S. 41 onto Allgood Road, Davis lost control of his vehicle and collided with the vehicle driven by one of the plaintiffs, Mrs. Frances E. McGuire.

The controlling statute is Georgia Code Ann. Section 105–108 (rev.1968).

> Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary.

■■ Thus, the controlling question in this case is whether an employee driving home in the afternoon in a car owned by his employer, upon which there are virtually no restrictions as to its use, is within the course and scope of his employer's business.[1]

The entire evidence in the case, as to the issue of liability, consists of a deposition and affidavit of Davis and an affidavit of A. D. McGaughey, Jr., the president of Gem City Motors, Inc. All of this evidence is uncontradicted, as plaintiffs have not responded by affidavits or otherwise, as provided by Fed. R.Civ.P. 56(e), in order to set forth specific facts showing that there is no genuine issue for trial. And, even stated most favorably to the plaintiffs, there is no evidence in the case to show that Davis was engaged in any way within

1. The result reached here obviates a decision on the contention of Gem City that Davis was an independent contractor rather than an employee of Gem City.

Of course, there can be no liability of the employer for the torts of an independent contractor. Ga.Code Ann. § 105–501 (rev.1968).

the scope of his employment at the time of the accident.

The leading Georgia case on this subject is Stenger v. Mitchell, 70 Ga.App. 563, 566, 28 S.E.2d 885, 887 (1944), in which, on similar facts, defendant automobile sales agency was granted a summary judgment:

> As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work.

It is a rule of long standing in Georgia. See Corum v. Edwards-Warren Tire Company, 110 Ga.App. 33, 137 S.E.2d 738 (1964) (summary judgment for employer where employee took company truck to go home to attend sick wife); Rossano v. Blue Plate Foods, Inc., 314 F.2d 174 (5th Cir. 1963) (construing Georgia law, court ordered summary judgment for employer where employee on way to work); Elrod v. Anchor Duck Mills, 50 Ga.App. 531, 179 S.E. 188 (1934) (non-suit granted to corporation where employee was on way to work); Davis v. Talbott, Civil No. 10716 (N.D. Ga. March 14, 1968) (construing Georgia law, motion to strike employer as party granted where employee driving home).

The same rule applies when the employee has departed from the ambit of his directions, and is engaged on a frolic or mission of his own. See, e. g., Sparks v. Buffalo Cab Company, Inc., 113 Ga. App. 528, 148 S.E.2d 919 (1966) (summary judgment for defendant employer where employee drove to visit parents); Fielder v. Davison, 139 Ga. 509, 77 S.E. 618 (1913) (directed verdict for employer where chauffeur took joy ride); Eason v. Joy Floral Company, 34 Ga. App. 501, 130 S.E. 352 (1925); Holland v. Cooper, 192 F.2d 214 (5th Cir. 1951).

However, there is potentially another issue in the case. Plaintiffs raise, in their response to Gem City's motion for summary judgment, the question whether Davis was a known intoxicant, such as to impute his negligence to Gem City, as owner of the automobile, regardless of the relationship between them. See Vaughn v. Butler, 103 Ga.App. 884, 121 S.E.2d 72 (1961). However, the record shows only Davis' uncontradicted statement on deposition:

Q. Now, have you ever been in any trouble?

A. No, sir.

Q. Have you ever had any traffic tickets?

A. No, sir.

Q. Have you ever been charged with or pled guilty to driving under the influence?

A. No, sir.

Therefore, no genuine issue of material fact is raised as to this issue.

Nor is the case of Ayers v. Barney A. Smith Motors, Inc., 112 Ga.App. 581, 145 S.E.2d 753 (1965), contrary authority. In that case, the automobile salesman was not going to or from work, but was traveling to another state to visit his parents. It was also clear that a business benefit might result to the employer, as the salesman would have attempted to make a sale had the opportunity presented itself.

After a careful consideration of the entire record and of the arguments presented by both parties, this court is of the opinion that Davis was either en route from his place of employment to his home on that afternoon of the accident, or on a mission of his own, and that he was not in the scope or course of his employment so as to make his employer liable for any torts committed by him.

Therefore, the motion for summary judgment as to the defendant, Gem City Motors, Inc., is granted.