## 46840.  EMANUEL COUNTY SCHOOL DISTRICT
### v. PORTWOOD et al.

BELL, Chief Judge. The trial court denied the school district's motion for summary judgment and certified the denial for direct appeal. The plaintiffs brought this suit to recover for the wrongful death of their wife and mother, respectively. The school district's claimed liability is based on respondeat superior as the death was allegedly caused by the negligent operation of defendant's automobile by an employee acting within the scope of his employment.

The single issue is whether the school district has pierced the allegations of the complaint that its employee was acting within the scope of his employment. By its answer, the defendant admitted that the vehicle was owned by it and that the driver was its employee, a school principal who has since died from a natural cause. By this admission a rebuttable inference arose that the employee was about his master's business, acting within the scope of employment and that the defendant was liable for the employee's negligence. *J. W. Starr & Sons Lumber Co. v. York,* 89 Ga. App. 22 (2) (78 SE2d 429); *Price v. Star Service &c. Corp.,* 119 Ga. App. 171 (la) (166 SE2d 593). On motion for summary judgment, the defendant has the burden of proof to refute this inference by evidence which unequivocally shows that its employee was not acting within the scope of his employment at the time of the collision. *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801 (149 SE2d 749).

At the hearing, the superintendent of schools testified that in his opinion the deceased employee kept the vehicle at home at night in order to reduce the possibility of acts of vandalism to the vehicle. The trial judge in his order denying summary judgment included this opinion as one of his reasons for denial. Although this opinion evidence was inadmissible under the facts here, this error will not require us to reverse and direct the granting of the mo-

tion as there is a question for jury resolution. The time and locale of the collision were admitted by the defendant. There is evidence in two supporting affidavits that the location of the collision was generally on a route from the principal's home to his school office; and that the affiants had no knowledge of any duty that the deceased employee principal was required to perform at the time and location of the collision. There is evidence in the record that the defendant's small van-type vehicle was used to transport small groups of students; to haul commodities to the school and to take home students who became ill; that the principal was charged with the care of the vehicle; and that he was authorized to keep the vehicle at his residence at night. All these facts clearly reveal the presence of a genuine issue of material fact on the issue of scope of employment. While the evidence of the locale of the accident coupled with the evidence of two witnesses that they had no knowledge of any duty of the employee at the time of the accident may preponderate toward defendant's theory, this is insufficient to sustain the grant of a summary judgment. *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801, supra.

*Judgment affirmed. Eberhardt, P. J., and Evans, J., concur.*
ARGUED JANUARY 4, 1972—DECIDED APRIL 12, 1972.

*Milton A. Carlton, Charles B. Merrill, Jr.,* for appellant.
*Williams, Smith, Shepherd & Gray, Loren Gray,* for appellees.