## 49686. STEWART v. ROBERTS.

EBERHARDT, Presiding Judge.

Richard B. Roberts brought suit against Ben W. Stewart, d/b/a Stewart Construction Company, seeking recovery for injuries alleged to have been received in the collision of an automobile which he was driving and one operated by William N. Dixon, an employee of Stewart.

Defendant filed defensive pleadings denying any liability in the matter and filed a motion for summary judgment, supported by affidavits and depositions of himself and Dixon in which it was unequivocally asserted that at the time of the collision the employee Dixon was not acting within the scope of his employment but was operating an automobile belonging to his (Dixon's) mother in the course of going from his home to the job site where he worked; that Dixon was a mason's helper and that Stewart was under no obligation to furnish transportation for Dixon in going to and from his work and made no allowance to him for the expense thereof, and that his wages started after his arrival on the job site.

It also appeared that Dixon had been driving his car, or that of his mother to the home of his employer, parked it and rode with him or with another employee to the job site for the purpose of saving travel expense to himself.

On occasions he had volunteered to assist in loading wheelbarrows or other equipment on Stewart's truck, at his home, for taking to the job site, but received no pay for doing so. On the occasion in question he had driven his mother's car from his home to the home of Stewart and at that point noticed that he had forgotten to bring his lunch box, returned to his home, obtained it, and then while en route back to Stewart's home had the collision with Roberts. Stewart neither had nor exercised any control over the manner, method, time or route which Dixon employed in driving to and from work. The motion for summary judgment was denied and defendant appeals. *Held:*

"As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held to be liable for an injury occasioned while the servant is en route to or from his work. 5 Blashfield's Cyclopedia of Automobile Law and Practice, 196, § 3041. In this connection see *Elrod v. Anchor Duck Mills,* 50 Ga. App. 531, 533 (179 SE 188); *U. S. Casualty Co. v. Scott,* 51 Ga. App. 115 (179 SE 640); *Welsh v. Aetna Casualty & Surety Co.,* 61 Ga. App. 635 (7 SE2d 85)." *Stenger v. Mitchell,* 70 Ga. App. 563, 566 (28 SE2d 885). See also *Chattanooga Publishing Co. v. Fulton,* 215 Ga. 880 (114 SE2d 138); *Ingram v. Life Ins. Co. of Virginia,* 111 Ga. App. 599 (142 SE2d 334).

There is nothing in this record to take the situation here out of the general rule; on the contrary the evidence submitted affirmatively shows it to come within the rule.

Appellee contends that since Dixon did occasionally assist his employer in loading equipment used on the job, he was on duty from the time he arrived at Stewart's house for the purpose of riding with him or some other employee to work. Assuming, but not deciding, this to have been the case, the result would be the same, for Dixon testified that after he arrived at Stewart's house, sat in his car and read the morning paper for a few minutes, he got out and then noticed that he had left his lunch at his home and got back into the car, returned to his home, obtained his lunch box, and on the way back to Stewart's home was blinded by the sun and collided

with the Roberts vehicle.

Thus, he was on a personal mission in returning to his home to get his lunch when the event occurred, and his employer could not be held for any injury resulting from his negligent operation of his mother's vehicle while on that mission. *Eason v. Joy Floral Co.,* 34 Ga. App. 501 (130 SE 352); *Harmon v. Southeastern Compress Warehouse Co.,* 48 Ga. App. 392, 393 (172 SE 748); *Causey v. Swift & Co.,* 62 Ga. App. 893 (10 SE2d 228); *Roper v. American Mutual Liability Ins. Co.,* 69 Ga. App. 726 (26 SE2d 488); *Ruff v. Gazaway,* 82 Ga. App. 151 (1) (60 SE2d 467); *Ingram v. Life Ins. Co. of Virginia,* 111 Ga. App. 599 (142 SE2d 334); *Sparks v. Buffalo Cab Co.,* 113 Ga. App. 528 (148 SE2d 919); *Brawner v. Martin & Jones Produce Co.,* 116 Ga. App. 324 (157 SE2d 514); *Georgia Power Co. v. Kendricks,* 117 Ga. App. 129 (159 SE2d 303); *Marketing Sales Industries of Ga. v. Roberts,* 118 Ga. App. 718 (165 SE2d 319); *Buffalo Holding Co. v. Shores,* 124 Ga. App. 868 (186 SE2d 339); *Atlanta Blue Print &c. Co. v. Kemp,* 130 Ga. App. 778 (204 SE2d 515). See also: *Price v. Star Service &c. Corp.,* 119 Ga. App. 171 (166 SE2d 593) and citations; *Brennan v. National NuGrape Co.,* 106 Ga. App. 709 (128 SE2d 81); *Fielder v. Davison,* 139 Ga. 509 (5) (77 SE 618); *Don Swann Sales, Inc. v. Carswell,* 124 Ga. App. 141 (183 SE2d 218).

"The liability of a master for torts committed by his servant is limited to such as are affirmatively shown to have been committed in the prosecution of the master's business and within its scope. *Lee v. Nelms,* 57 Ga. 253. To render a master liable for his servant's tort, the servant must be acting both in the prosecution and within the scope of the master's business. See Code § 105-108; *Selman v. Wallace,* 45 Ga. App. 688 (165 SE 851)." *Ruff v. Gazaway,* 82 Ga. App. 151, 156, supra.

The evidence here shows conclusively that Dixon was neither in the prosecution of his master's business nor within its scope when the event occurred; he was on a purely personal mission in going to and from his home to get his lunch.

*Judgment reversed. Deen and Stolz, JJ., concur.*

Argued September 6, 1974 — Decided September 24, 1974.

*Falligant, Doremus, Karsman, Kent & Toporek, Stanley Karsman,* for appellant.
*Reginald C. Haupt, Jr.,* for appellee.