### 14204.  GILLESPIE *v.* MULLALLY.

The evidence being positive and uncontradicted that when the defendant's automobile struck and injured the plaintiff it was being operated without the knowledge or consent of the defendant or of the proprietor of the garage in which the defendant had stored it, and that the person driving it was without authority, express or implied, to do so, the court did not err in directing a verdict for the defendant.

Exclusion of testimony of the defendant that if the automobile was his car, "the insurance company is liable and ought to pay the damages inflicted," was not cause for a new trial.

DECIDED APRIL 10, 1923.

Action for damages; from Bibb superior court — Judge Malcolm D. Jones.  November 14, 1922.

*Powers & Powers,* for plaintiff.

*Brock, Sparks & Russell,* for defendant.

LUKE, J.  This case arose by reason of a suit to recover for an injury alleged to have been occasioned by the negligent driving of an automobile of the defendant, while being driven by an alleged servant of the defendant.  After the introduction of evidence, the court directed a verdict in favor of the defendant, and it is upon this judgment that error is assigned.  It was not error for the court to direct a verdict in favor of the defendant.  The evidence was positive that at the time the car was being driven by the person alleged to be acting in behalf of the owner of the car, it was being driven without the knowledge, consent, or permission of the owner.  The evidence was further positive that the person driving the car was not in the employ of, nor under the control of, the owner.  The evidence was further positive that the car had been taken from the garage by the person driving it, without the knowledge, permission or consent of the owner of the car, or of the owner of the garage in which the car was stored.  The driver was not acting within the scope of his employment, as such and his act was not the act of the defendant in this case.  The complaint of the court's ruling out of evidence the statement of the defendant that "if it was my car that hit the boy, the insurance company is liable and ought to pay the damages inflicted," was not reversible error, if error at all.  As has been said, the evidence was positive that the car was being driven without the knowledge, permission, or consent of the defendant, and by a person who was not in his employ and who had no authority, express or implied, to drive the

car. The mere proof of the ownership of the car which caused the injury is not sufficient of itself to establish prima facie that the car was being driven by a servant of the owner, about the owner's business and within the scope of his employment.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*