## 14780.  WILSON v. QUICK-TIRE SERVICE.

1. If a servant employed in a garage, while not engaged in the prosecution of his master's business and without the knowledge or consent of the master and against his instructions, takes an automobile of the master for the purpose of going to his own breakfast, and while so using it negligently injures a person in the street, the master will not be liable.
2. The judge did not err in any of his rulings rejecting evidence, of which complaint is made in the motion for a new trial.

DECIDED MAY 13, 1924.  REHEARING DENIED JUNE, 10, 1924.

Action for damages; from Fulton superior court—Judge Ellis. June 4, 1923.

Spencer Wilson, by her father as next friend, sued the Quick-Tire Service, a corporation, for damages for personal injuries received by her when struck by an automobile of the defendant.  The evidence for the plaintiff showed the manner and extent of her injuries, and she endeavored to show that at the time of her injury the driver of the automobile was using it for the business of the defendant.  The evidence for the defendant showed that Jackson, the driver of the automobile, was in the employ of the defendant, but at the time of the injury was not using it on business for the defendant, but was using it to go to his own breakfast; that he had no authority to use the car for this purpose, but was so using it without the knowledge or consent of the defendant and against the defendant's express orders.  When the evidence was closed the judge directed a verdict for the defendant.  A motion for a new trial was overruled, and the plaintiff excepted.

*Schrimper & Baumstark, C. Don Miller,* for plaintiff.

*Underwood, Pomeroy & Haas,* for defendant.

BLOODWORTH, J.  (After stating the foregoing facts.)

It is necessary only to discuss the ruling stated in the second headnote.  This case in its facts is somewhat similar to that of *Gillespie* v. *Mullally,* 30 *Ga. App.* 118 (117 S. E. 98).  The first

headnote in that case is as follows: "The evidence being positive and uncontradicted that when the defendant's automobile struck and injured the plaintiff it was being operated without the knowledge or consent of the defendant or of the proprietor of the garage in which the defendant had stored it, and that the person driving it was without authority, express or implied, to do so, the court did not err in directing a verdict for the defendant." The same principle is announced in *Lewis* v. *Amorous*, 3 *Ga. App.* 50 (59 S. E. 338) ; *Garner* v. *Souders*, 20 *Ga. App.* 242 (92 S. E. 965) ; *Dougherty* v. *Woodward*, 21 *Ga. App.* 427 (94 S. E. 636). In the case of Hartnett *v.* Gryzmish, 218 Mass. 258, the chauffeur was returning from his home, where he had gone in the car of his employer for a noon meal. The chauffeur testified that he had been told not to use the automobile for the purpose of going to his noon meals. The Supreme Court of Massachusetts held that the facts did not warrant "a finding that at the time of the accident the chauffeur was acting within the scope of his employment by the defendant." In the case of Steffen *v.* McNaughton, 142 Wis. 49, a chauffeur used the automobile of his master to go to his midday meal, and struck and killed a woman, and the Supreme Court of Wisconsin held: "The owner of an automobile is not liable for injuries caused by his chauffeur's negligent operation of the machine at a time when the chauffeur was using it for his own personal use and private purpose, not within the scope of his employment, and without authority or consent, express or implied, of the owner." The court in Miller *v.* National Automobile Sales Co., 117 Ill. App. 367, in holding that the Automobile Sales Company could not be held liable for an injury inflicted by its car while the car was being used by its manager, who had taken the car at the close of business hours for the purpose of taking himself and his children home and for a drive, said: "To hold a master liable for a tort committed by his servant, it must appear that at the time of the injury the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment." See also Danforth *v.* Fisher, 75 N. H. 111; Reilly *v.* Connadle, 214 N. Y. 586; Bursch *v.* Greenough Bros. Co., 79 Wash. 109; Glassman *v.* Harry, 182 Mo. App. 304 (1). The foregoing cases (and many others could be cited) clearly establish the principle that the owner of an automobile

cannot be held liable for an injury occurring while the car is being used by a servant for his own purpose, and that in order to fix liability on the owner of the car the person seeking to recover must establish the fact that at the time of the injury the servant was acting within the scope of his employment. In the case sub judice the evidence establishes the fact that at the time of the injury the driver of the automobile was not using the car on business for the defendant, but was using it to go to his breakfast; and that he had no authority to use it for this purpose, but was so using it without the knowledge or consent of the defendant and against defendant's express orders.

The verdict for the defendant was properly directed.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*