## 39624. HARPER v. NU-AIR MANUFACTURING COMPANY.

DECIDED NOVEMBER 9, 1962.

*Seymour S. Owens, Robert R. Forrester, Maxwell A. Hines,* for plaintiff in error.

*Cam U. Young, Young & Young,* contra.

FRANKUM, Judge. 1. By ground 4 of her motion for new trial, plaintiff contends that the court illegally admitted in evidence part of her testimony on cross-examination over her objection. It appears from this ground that counsel for the defendant propounded a question to the plaintiff while she was on cross-examination, and she answered it. Counsel for the plaintiff objected to the question and strenuously argued that it was improper. It does not appear from this ground that the plaintiff ever moved to rule out the answer or strike the witness'

response to the question. During an ensuing colloquy between the court and counsel, the court stated that the subject matter about which the witness was questioned had nothing to do with the case and instructed the jury to disregard it. Then, colloquy between the court and counsel continued, and counsel for the plaintiff referred to the subject matter about which the defendant had questioned the plaintiff, whereupon the court stated: "I rule that out."

It is clear that the court ruled in favor of the movant since the instruction to the jury that they were to disregard the testimony was equivalent to ruling it out. *Humphrey v. Smith,* 142 Ga. 291, 292 (4a) (82 SE 885). Accordingly, this ground of the motion presents no question for decision by this court.

2. Ground 6 of the motion complains of a comment made by the presiding judge when he ruled upon objections urged by the defendant's counsel that a certain witness' testimony (which was offered as rebuttal testimony) was not in rebuttal of any evidence previously offered. The court, in ruling upon the objection, made a comment on what had been brought out previously during the trial. From a review of this ground we are of the opinion that it falls within the rule of *Chapman v. State,* 23 Ga. App. 359 (98 SE 243). See also *Croom v. State,* 90 Ga. 430 (17 SE 1003). This court held in *Realty Co. v. Ellis,* 4 Ga. App. 402 (6) (61 SE 832), as follows: "It is not reversible error, under section 4334 of the Civil Code, for the judge, in discussing with counsel the admissibility of testimony, the propriety of a nonsuit, the direction of a verdict, or similar matters in the progress of the trial, or in explaining his rulings upon questions of this nature, to refer to the evidence or to the statements of witnesses, provided he does not go out of the line of legitimate discussion upon the point presented or use such language as to indicate apparent or actual judicial approval or disparagement of any witness or of any part of the testimony." We are of the opinion that the court did not breach this rule, and that this ground of the motion for new trial is without merit.

3. Grounds 7, 8, and 9 of the motion complain of certain portions of the court's charge relating to comparative negligence. Movant's complaint is that since the cross-action of defendant

Ryder Truck Rental, Inc. was dismissed, these portions of the charge likely misled the jury into believing that the defendant was entitled to recover from the plaintiff as if there were a cross-action pending, when such was not the case, because the charge was not limited to the plaintiff's right to recover. We are of the opinion that under the facts of the case a charge on comparative negligence was authorized. And since the jury found a verdict for the defendant and no damages were, or could have been, awarded to the defendant, they obviously were not misled as contended. If the charge was inept in the manner contended, it was harmless. We find no reversible error in these grounds for any reason assigned.

4. None of the remaining special grounds shows reversible error. As to the general grounds of the motion, the evidence, although conflicting, authorized the verdict.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*