41128. SOUTHERN v. ADAMS.

DECIDED FEBRUARY 1, 1965—REHEARING DENIED
FEBRUARY 22, 1965.

*William P. Holley,* for plaintiff in error.

*Edwards, Bentley, Awtrey & Parker, Scott S. Edwards, Jr., A. Sidney Parker,* contra.

NICHOLS, Presiding Judge. "The purpose of the Summary Judgment Act is to afford to either party litigant, upon motion, a judgment forthwith if the record shows there is not a genuine issue existing between the parties. . ." *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766 (2) (115 SE2d 374). Under the record here there was no genuine issue left to be determined by a jury. Both the defendant John Adams and his agent and employee Edward Skudder testified without contradiction that Skudder had neither express nor implied authority to make contracts on behalf of his master and employer John Adams. Plaintiff contends however that even if Skudder had, without authority temporarily departed from his master's business in order to clean off plaintiff's lot, that at the time plaintiff was injured the object of Skudder's temporary departure from his master's business (cleaning off plaintiff's lot), had been accomplished and Skudder had resumed the duties of his master and that the responsibility of the master Adams for the acts of the agent and employee Skudder had then re-attached. The question and answer record in plaintiff's own deposition as to that proposition is as follows:

"Q. Now, who supervised Skudder in telling him what to do

and how to do it—to your lot? A. I told him what to do, what I wanted done on the lot. Q. What did you tell him to do Mr. Southern? A. I told him to level the lot out, the gravel that was on the lot, you know, to scrape it and level the lot out, fill up the holes in the lot. Q. Now, why did he tell you he had to leave? A. Well, I don't know why he told me he had to leave. I suppose he had finished, he had done about all he could do to the lot and at that time he was ready to leave. Q. Did you talk to him about paying him at that time? A. He was to come in the office and I was going to pay him. And I though he was parking the tractor, see, and when he—I don't know he was backing up, and that is when he hit me."

Accordingly, where Skudder, at the time plaintiff was injured was on his way to plaintiff's office and at plaintiff's direction to be paid by plaintiff for the work that he had done for plaintiff, he had not at that time resumed the work of his master Adams, but rather was still in the process of concluding the business that he temporarily had undertaken on behalf of plaintiff, and for which, under these circumstances, the master Adams could not be held responsible. Unquestionably this case is controlled by the rulings in *Wilson v. Quick Tire Service,* 32 Ga. App. 310, 311 (123 SE 733); *Cooley v. Tate,* 87 Ga. App. 1, 6 (73 SE2d 72); *Brennan v. National NuGrape Co.,* 106 Ga. App. 709 (128 SE2d 81); *Greeson v. Bailey,* 167 Ga. 638 (146 SE 490).

Accordingly, the trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*