### 43778. MARKETING SALES INDUSTRIES OF GEORGIA, INC. v. ROBERTS, by Next Friend, et al.

BELL, Presiding Judge. This is a suit based on negligence to recover damages against a corporate defendant and its employee Thompson. The plaintiff, a minor, sustained injuries when he was struck by an automobile driven by Thompson. The employer took this appeal from the denial of its motion for summary judgment based on the deposition of the president of the employer corporation and the deposition of defendant Thompson. The testimony showed that Thompson was employed to sell built-in vacuum cleaning systems to homeowners. He worked as an outside salesman, furnishing his own transportation, and made presentations to homeowners in the evenings rather than during the usual hours of business. He was required to come by the employer's office late in the afternoon, where he would be given a lead, or appointment, which customarily would be set for 6 or 6:30 p.m. In order to assure dependability in the keeping of appointments, the employer as a matter of policy would never furnish its salesmen a lead until the salesmen appeared at the office late in the afternoon and ready to depart to keep the appointment. In the morning of the day the plaintiff's injuries occurred, Thompson went to the employer's office to deliver papers in connection with a sale which he had made the previous evening. Driving his own automobile, he left there about 2 p.m., having no duties in connection with his employment for the remainder of the afternoon

until such time as he might return to the office to pick up a lead for the evening. He then went to the Blue Lantern Bar, where his brother was manager. There he had two drinks and engaged in personal conversation with his brother. When the collision occurred, about 4 or 4:15 p.m., Thompson was driving home in order to eat supper and change into business clothes before returning to work for the evening. *Held:*

To hold a master liable for a tort committed by his servant, the test is not that the act of the servant was done during the general term of the employment, but whether the servant was at that time serving the master; the master is not liable for an injury inflicted by the servant where the servant was engaged in some personal matter of his own and the act was entirely disconnected from the master's business. *Fielder v. Davison,* 139 Ga. 509, 512 (77 SE 618); *Wilson v. Quick-Tire Service,* 32 Ga. App. 310, 311 (123 SE 733); *Corum v. Edwards-Warren Tire Co.,* 110 Ga. App. 33 (1) (137 SE2d 738); *Sparks v. Buffalo Cab Co.,* 113 Ga. App. 528, 529 (148 SE2d 919). The testimony showed without substantial controversy that Thompson, while driving from the Blue Lantern Bar to his home, was on his own time and engaged in his own pursuits. This effectively pierced allegations of the petition showing that Thompson was in the course of his employment at the time of the collision, and thus the court erred in denying the employer's motion for summary judgment. See: *Nichols v. Hight Motor Co.,* 65 Ga. App. 397, 401 (15 SE2d 805); *Stenger v. Mitchell,* 70 Ga. App. 563, 566 (28 SE2d 885). This is not a "slight deviation" case within the principle stated in *Limerick v. Roberts,* 32 Ga. App. 755 (1b) (124 SE 806). The testimony eliminated from the case any issue of negligent entrustment of the vehicle to the employee.

*Judgment reversed. Hall and Quillian, JJ., concur.*

ARGUED JULY 2, 1968—DECIDED SEPTEMBER 17, 1968—
REHEARING DENIED NOVEMBER 26, 1968.

*Nall, Miller, Cadenhead & Dennis, Thomas S. Carlock,* for appellant.

*Neely, Freeman & Hawkins, J. Bruce Welch, Joe C. Freeman, Jr., Thomas H. Harper, Jr., R. Keegan Federal, Jr.,* for appellees.