44414. EARLY v. RAMEY et al.

ARGUED APRIL 9, 1969—DECIDED MAY 1, 1969.

Rogers, Magruder & Hoyt, Wright, Walther & Morgan, Robert G. Walther, for appellant.

Matthews, Maddox, Walton & Smith, James D. Maddox, John M. Graham, III, for appellees.

DEEN, Judge. W. H. Early's testimony was to the effect that he had 4 to 7 employees working for him cutting pulpwood for which he paid on a piecework basis. He owned a half-ton truck which was used by himself and another employee to pick up the hands; employees were allowed to use the truck on occasion and he had allowed Jackson to use it when Jackson was moving. On the day of the accident he went to the cutting area about 2 p.m. and found Jackson and the truck gone and himself took the hands back to a meeting point where Jackson met them "after the funeral." This last statement, given without explanation, and construed as it must be against the movant, is only hearsay insofar as it is sought to prove by Early that Jackson was on a personal mission with the truck and not on business of his employer. Jackson himself testified that a relative had died, and that he took the truck without notifying Early or obtaining his permission, picked up some other relatives, helped to dig the grave, bought his wife a dress, and attended the funeral, before returning the truck to its owner at the service station. The plaintiff then proved by counter-affidavit that Jackson had made a prior contradictory statement that when the accident occurred, "I had been to the saw shop and was going to East Rome." It is of course possible that this defendant could have been both to the saw shop in the course of his employer's business and also to a funeral on his own business, and it is not clear in what direction East Rome was from the place where the trees were being cut. The statement, if contradictory, would have no probative value of

its own but would allow the jury to disbelieve the defendant's sworn testimony in whole or in part. *Code* § 38-1803. "The evidence of previous contradictory statements related to have been made by a witness sought to be impeached is not affirmative proof of the truth of such previous statements." *Luke v. Cannon*, 4 Ga. App. 538 (4) (62 SE 110). This is true where the witness is not a party opponent; the admission against interest of a party does have probative value. *W. T. Harvey Lumber Co. v. J. M. Wells Lumber Co.*, 104 Ga. App. 498 (2) (122 SE2d 143). But here the motion for summary judgment concerns only Early, the employer, and "the declarations of the agent as to the business transacted by him shall not be admissible against his principal, unless they were a part of the negotiation, and constituting the res gestae, or else the agent is dead." *Code* § 4-315. Therefore, treating the contradictory matter only as opening the credibility of Jackson to jury determination, we are left with the deposition of Early which, insofar as it deals with the purpose for which the truck was taken, is apparently hearsay.

The substantive law in *respondeat superior* situations is well settled and ably summarized in *Price v. Star Service &c. Corp.*, 119 Ga. App. 171 (166 SE2d 593). Mere proof that Early was the owner of the truck would not be sufficient to establish, even prima facie, that the car was being driven by a servant about the owner's business (*Gillespie v. Mullally*, 30 Ga. App. 118 (117 SE 98)) but there is an inference that when a vehicle is operated by an employee of the owner it is operated within the scope of his employment and duty, which is a prima facie inference of fact sufficient to carry the case in the absence of evidence to the contrary (*J. W. Starr & Sons Lumber Co. v. York*, 89 Ga. App. 22 (2) (78 SE2d 429)) and to shift the burden of procedure to the opposite party. Positive, unimpeached evidence to the contrary will demand a verdict against the agency relationship; such evidence, itself contradicted by evidence supporting the inference drawn from proof of ownership plus employment will make a jury question, even though both the employer and the employee deny that the vehicle was used within the scope of the employment. *F. E. Fortenberry &*

*Sons v. Malmberg,* 97 Ga. App. 162 (102 SE2d 667). Applied to the present case, and construing legitimate inferences against the movant, a prima facie inference of imputed negligence arises against Early from proof of ownership plus employment of the driver. If, as appears necessary in considering the motion, Jackson's deposition must be disregarded because his credibility has been attacked through a prior contradictory statement, and Early's slight reference to the use to which the truck was being put does not appear to have been made within his own knowledge, the presumption of agency arising from proof of ownership and employment is at this point sufficient to carry the case to a jury.

The trial court did not err in overruling the motion for summary judgment.

*Judgment affirmed. Bell, P. J., concurs. Eberhardt, J., concurs specially.*

EBERHARDT, Judge, concurring specially. The facts of this case are somewhat similar to those in the recent case of *Price v. Star Service &c. Corp.,* 119 Ga. App. 171, supra, and were it not for the contradiction in the statement which the driver, Jackson, made a short time after the event and the facts as related in his deposition, I apprehend that a contrary result would be reached.

There is serious question as to whether this contradiction requires the result reached, for the testimony of Mr. Early, the owner of the vehicle and Jackson's employer, is *uncontradicted* that he had no knowledge that Jackson took the truck on the date in question until about 2 o'clock that afternoon when he went to the woods where Jackson was supposed to be working with other employees and found that he had left sometime previously in the pick-up truck. He learned of Jackson's involvement in the accident when Jackson called at 7:30 or 8 o'clock and informed him of it.

It is likewise uncontradicted that Jackson had no *general* authority to take and use the truck. Mr. Early testified that he had, on one occasion, allowed Jackson to use the truck in moving, and had on a few occasions allowed employees to take

firewood home on it, though it was not his general practice to allow them to take it or keep it.

This testimony indicates that Jackson had no authority or permission to take or use the truck unless specially given. Since Mr. Early knew nothing of it on this occasion, it must follow that Jackson took the truck without authority. In this situation, see *Fielder v. Davison,* 139 Ga. 509 (77 SE 618); *Lewis v. Amorous,* 3 Ga. App. 50 (3) (59 SE 338); *Gillespie v. Mullally,* 30 Ga. App. 118, supra; *Chandler v. Brittain,* 48 Ga. App. 361 (172 SE 745); *Wilson v. Quick-Tire Service,* 32 Ga. App. 310 (123 SE 733); *Reddy-Waldhauer-Maffett Co. v. Spivey,* 53 Ga. App. 117 (2) (185 SE 147); *Royal Undertaking Co. v. Duffin,* 57 Ga. App. 760 (196 SE 208); *Brawner v. Martin & Jones Produce Co.,* 116 Ga. App. 324 (157 SE2d 514).

If this is construing Mr. Early's evidence in his own favor we are violating the principle that the evidence must be construed against the movant. I am not sure that this amounts to such a construction, but giving appellee the benefit of the doubt, since Early admits ownership of the truck and Jackson's employee relationship, raising an inference that he was in line of duty, and does not positively testify that the truck was taken by Jackson without his knowledge or consent or that at the time of the occurrence he was not engaged in the performance of any matter within the scope of his employment, we move to the remainder of the evidence to determine whether it is sufficient to supply any missing element in Early's testimony. Jackson's deposition would certainly do so, for he positively testifies that he took the truck without Early's knowledge, assuming that he would have consented if there had been opportunity to ask for it, and that at the time of the accident he was on a trip from his home to town *for the purpose of buying a dress for his wife.* But, as we have pointed out, in a previous statement made he had asserted that he had "been to the saw shop and was going to East Rome." He may have bought the dress in East Rome, but it does not appear. He may have been to the saw shop on a personal mission, since he was not working that day, but movant did not clear this up. It may simply be a misstatement.

While this statement may be taken by the jury as sufficient to impeach, it would not show that Jackson was in the service of his master *when the accident occurred.* Nor would it appear if his entire testimony be discounted.

It is, of course, the movant's obligation to supply all of the evidence necessary to authorize the grant of a summary judgment for which he moves. If he does not, there is no error in denying the motion. It may be that in this Mr. Early has failed. Certainly it should have been within his power to produce positive evidence as to all crucial facts.

On this basis I concur in the judgment, pointing out, however, that our ruling does not amount to a holding that on the facts appearing plaintiff is entitled to prevail. See *Fielder v. Davison,* 139 Ga. 509, supra; *Eason v. Joy Floral Co.,* 34 Ga. App. 501 (2) (130 SE 352); *Ruff v. Gazaway,* 82 Ga. App. 151 (60 SE2d 467); *Johnson v. Webb-Crawford Co.,* 89 Ga. App. 524 (80 SE2d 63); *Fulton Bag &c. Mills v. Eudaly,* 95 Ga. App. 644 (98 SE2d 235); *Georgia Power Co. v. Kendricks,* 117 Ga. App. 129 (159 SE2d 303). It simply means that the movant failed in producing some of the evidence which should have appeared on a crucial issue and thus that it was not error to deny the motion for summary judgment.