45530.   MORROW v. HENLEY et al.

ARGUED SEPTEMBER 15, 1970—DECIDED OCTOBER 15, 1970.

*L. B. Kent,* for appellant.

*Kelly, Champion & Henson, S. E. Kelly,* for appellees.

DEEN, Judge. In addition to the evidence above stated, the affidavit of Henley attached to the answer opposing the motion states that he and Adams "were partners in a painting contracting business and J. M. Adams furnished the truck for the job and credit to buy supplies for the job. He shared in the profits 50/50. Said truck was bought from J. M. Adams on May 20, 1969. The bill of sale and promissory note were backdated by J. M. Adams to May 12, 1969, which is not and was not the day of sale." This alone authorizes the inference that on May 12 legal title to the truck was in Adams and he had placed it in Henley's possession for partnership use and does not negative the inference that it was being so used at the time of the collision. The burden of showing the absence of a material fact is on the movant. *D. H. Overmyer Co. v. Joe Summers Roofing Co.,* 120 Ga. App. 188 (169 SE2d 821). Adams' affidavit is based on the premise that Henley had sole title and exclusive possession of the truck, that Adams was engaged in no occupation on the date of the collision, was not employing Henley, and Henley was not working for him or on his behalf. Construed against the movant this constitutes a denial of partnership, agency relation and ownership of the vehicle involved, but not an uncontroverted factual, probative statement that, conceding the partnership existed and that Adams was furnishing his vehicle for partnership use, Henley was still at the time of the collision using it not in the business of the partnership but for his personal affairs. Cf. *Early v. Ramey,* 119 Ga. App. 621, 623 (168 SE2d 629). This possibility has not been eliminated by Henley either in his affidavit or his deposition, once we concede that title to the car and existence of the partnership are jury questions. It was accordingly error to dismiss Adams as a party defendant.

*Judgment reversed. Hall, P. J., and Evans, J., concur.*