45746.   RICHARDSON v. STATE LINEN SERVICE et al.

QUILLIAN, Judge. This action for damages arises out of a collision between an automobile driven by appellant, Jettie Richardson, and a pickup truck owned and operated by defendant, Bobby Hightower. Suit was filed by Jettie Richardson against defendant Hightower and also against State Linen Service (hereinafter referred to as State Linen), alleging Hightower was an agent and servant of State Linen at the time of the collision and that he was within the scope of his employment.

The defendant State Linen filed a motion for summary judgment. The evidence adduced on the motion revealed the following

facts. Defendant Hightower was employed by State Linen as a route salesman and worked in and around Carrollton, Ga. He was furnished a large closed red truck in connection with his job. On the day of the accident, defendant Hightower had completed his day's work and finished his route at about 5 or 5:30 p.m. After completing work, he drove the company truck to his home near Carrollton, parked it and went to his mother-in-law's house, which was nearby. Later, defendant Hightower was notified by his wife that a firm in Carrollton needed linen and he removed some linen from the company truck and put it in his Ford pickup truck and delivered it to the Style Center in Carrollton.

While leaving Carrollton en route home and while on Adamson Avenue in Carrollton, defendant Hightower first noticed a police car behind him. He testified as follows: "Q. Bobby, right before this accident occurred, you had noticed a police car following you, had you not? A. Yes sir. Q. About where were you when you first noticed the police car? A. On Adamson Avenue. Q. Is that in Carrollton? A. Well, it's the road leading out of Carrollton. Q. Now, what route did you take from that point to where the accident happened? A. It's straight. But, it's crooked and you stay on the same road. Q. And, how did you get on Blandenburg? Does that run into Blandenburg Road or not? A. Yes. Q. And, approximately how far from the accident scene did you first notice the police car behind you? A. Do what? Q. How far were you from where the accident took place that you first noticed the police car behind you? A. About a mile and a half. Q. And, did you proceed along there and passed your house? A. Yes. Q. And, the police car was behind you all of this time, I take it? A. Yes. Q. Did the police car have a red light on it? A. Red or blue. Q. Flashing light? A. Yes. Q. And, did they have the siren on? A. I don't remember. Q. You knew the police car was chasing you, didn't you? A. Yes. Q. Were you attempting to elude the policemen? A. I guess you would say that. Q. What speed did you drive? I understand you've already testified what speeds you were traveling when the accident happened, but say, back during that mile and a half before the accident happened, what would be the maximum speed that

you were traveling then? A. I don't even know. Q. You think you got as much as eighty? A. Yes sir. Q. You had no intention of stopping at your house, did you? A. I guess I would if I had been going slow to turn in. I don't know. Q. I see. Then, your reason for going on beyond your house was an attempt to evade the police, is that correct? A. Yeah. I don't know really. Q. Beg pardon? A. I don't know really. Q. But, your best recollection is that was your purpose? A. Yes. Q. Now, were they in sight as you approached the intersection where the accident happened, that is, the police car? A. I don't know. Q. How far from your house was it up to where the accident happened? A. About a half a mile. Q. You had gone on ahead? A. I believe. Q. A half mile approximately beyond your house, hadn't you? A. Maybe not that far. Q. Did you have any business of State Linen Service to attend to on beyond your house that night? A. No."

After considering the evidence the trial judge granted the defendant State Linen's motion for summary judgment. The plaintiff appealed and the case is here for review. *Held:*

The evidence in this case demands a finding that Hightower had departed from his master's business and was engaged in a personal matter of attempting to evade the police. *Marketing Sales Industries of Ga. v. Roberts,* 118 Ga. App. 718 (165 SE2d 319). The case sub judice is distinguished from those in which the criminal act of the servant was done within the range of his employment. See *Southern R. Co. v. James,* 118 Ga. 340 (45 SE 303, 63 LRA 257). In the present case when the collision occurred, Hightower was not en route home but had in fact gone beyond it.

The granting of the summary judgment was not error.

> *Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
> SUBMITTED NOVEMBER 9, 1970—DECIDED JANUARY 21, 1971.

*Hollis B. Johnson,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Tisinger & Tisinger, David H. Tisinger,* for appellees.