45965. MORROW v. ADAMS et al.

JORDAN, Presiding Judge. The present appeal is a sequel to *Morrow v. Henley*, 122 Ga. App. 646 (178 SE2d 308). On a jury trial limited to a determination of whether the defendant Adams was a partner of the defendant Henley, with Henley acting within the scope of the partnership at the time of the collision, the jury found for Adams. The plaintiff, Morrow, appeals from the judgment eliminating Adams as a defendant in her personal injury action. *Held:*

1. It is contended that the trial judge incorrectly charged the applicable law of partnership and in effect directed a verdict for the defendant, Adams, by instructing the jury as follows: "So, ladies and gentlemen, if you find that any sums paid by the defendant Henley to defendant Adams were merely for reimbursement for material and/or sums owed defendant Adams, then, there would be no partnership and you would return a verdict for the defendant Adams."

These instructions were immediately preceded by the substance of *Code* §§ 75-101, 75-102, plus the common law rule of partnership liability set forth in *Rogers v. Carmichael*, 184 Ga. 496 (1) (192 SE 39). Following the instructions complained of the trial judge also made it clear that if Adams advanced money or materials and also was to share the profits and losses of the business, a partnership could exist, and if Henley was acting within the scope of this partnership at the time of the collision, the jury should find against Adams.

Under the evidence there is no doubt that Adams acted as a financier in providing credit for Henley to conduct the business, through the use of his accounts, including a bank credit card, and by providing him with the truck involved in the collision, but the evidence is conflicting as to whether this was merely a creditor-debtor relationship, including the sale of the truck to Henley on credit, whereby Henley would pay for the truck and satisfy other debts to Adams, or incurred in the name of Adams, from the income of his business, including any profits, or whether Adams was actually receiving profits from the business under an arrangement which constituted a partnership.

Considered in context, and viewed in the light of the evidence, we think the instructions on the law of partnership were adequate and that the excerpt complained of discloses no basis for reversible error.

2. The evidence supports but does not demand the verdict, and no harmful error appears for any reason argued and insisted upon.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, Deen, and Whitman, JJ., concur. Pannell, Quillian and Evans, JJ., dissent.*

ARGUED FEBRUARY 2, 1971—DECIDED MAY 17, 1971—REHEARING DENIED JUNE 15, 1971—

*L. B. Kent,* for appellant.

*Kelly, Champion & Henson, Edward W. Szczepanski, Jr.,* for appellees.

EVANS, Judge, dissenting. I dissent from Division 1 and from the judgment of affirmance. The charge objected to and considered in Division 1 of the majority opinion was tantamount to a direction to the jury that if they found certain evidence "there would be no partnership."

Plaintiff contends that in order for her to prevail, it was necessary to prove there was a partnership existing between Henley and Adams, and that the trial judge charged so strongly against plaintiff that it virtually amounted to directing a verdict for defendant Adams on such issue. However, defendant Adams contends that the entire charge must be considered, and when taken as a whole, the jury was not misguided on the question of partnership.

The instruction which plaintiff contends was error requiring the grant of a new trial is as follows: "So, ladies and gentlemen, if you find that any sums paid by the defendant Henley to defendant Adams were merely for reimbursement of sums advanced for material and/or sums owed defendant Adams, then, there would be no partnership and you would return a verdict for defendant Adams."

On the other hand, defendant contends that later in his charge the trial judge cured any error in the above excerpt by charging

the jury as follows: "On the other hand, ladies and gentlemen, should you find that the defendant Adams advanced money or credit for materials and that he was to share in the profits and losses of the business— of this business . . . then you should find against defendant Adams."

Two well-established rules of law respecting errors in the charge of trial courts must be here considered, to wit: (1) "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound." *Brown v. Matthews,* 79 Ga. 1 (1) (4 SE 13). (2) "An incorrect instruction to the jury is not obviated by a later instruction on the same subject unless the jury's attention is called to the mistake and it is withdrawn from their consideration." *Leggett v. Todd,* 110 Ga. App. 41 (1) (137 SE2d 742). See also *Wheeler v. State Hwy. Dept.,* 106 Ga. App. 323 (126 SE2d 808); *Brewer v. Covington,* 104 Ga. App. 857 (123 SE2d 343); *Gurley v. Hardwick,* 98 Ga. App. 334 (106 SE2d 53); *Western & A. R. v. Mansfield,* 98 Ga. App. 421 (105 SE2d 804); *Snellings v. Rickey,* 57 Ga. App. 836 (197 SE 44); *Carter v. Parrish,* 154 Ga. 531 (2) (114 SE 709); *Southern R. Co. v. Alexander,* 59 Ga. App. 852 (4) (2 SE2d 219).

There can hardly be any doubt that the first excerpt from the charge is erroneous. It instructed the jury that if moneys were repaid for materials or moneys owed there would be no partnership. This is much too narrow an interpretation of the law as to partnership. Joint interest in the partnership profit, or in profit and losses, constitutes a partnership. *Solomon v. Solomon,* 2 Ga. 18; *Floyd v. Kicklighter,* 139 Ga. 133 (76 SE 1011). There may have been no profits, or there may have been a loss, and yet Henley would have been required to pay any just debts he owed Adams for advancing money or material. The charge, in effect, instructed the jury that unless there was a profit, so that whatever sums Henley paid Adams were a part of that profit (and not for reimbursement for advances) there would be no partnership.

Adams' brief emphasizes his contention that if the trial judge charged incorrectly, it was corrected later in the charge. But there is no contention made that the erroneous portion of the charge

was ever withdrawn or that the jury's attention was called to the fact that a correction was being made in the earlier charge. Under the authorities previously cited on this point, this court should hold that error was committed on a vital issue which requires the grant of a new trial.

I am authorized to state that Judges Pannell and Quillian join in this dissent.