### 46093. BUFFALO HOLDING COMPANY, INC. et al. v. SHORES.

DEEN, Judge. 1. "The owner of a vehicle is not liable under the doctrine of respondeat superior for injuries inflicted by the negligence of the operator while it was being operated on a mission purely personal to the operator." *Brown v. Sheffield,* 121 Ga. App. 383 (1) (173 SE2d 891), and see *Fambro v. Sparks,* 86 Ga. App. 726 (72 SE2d 473); *Marketing Sales Industries v. Roberts,* 118 Ga. App. 718 (165 SE2d 319); *Price v. Star Service &c. Corp.,* 119 Ga. App. 171 (166 SE2d 593); *Early v. Ramey,* 119 Ga. App. 621 (168 SE2d 629); *Harper v. Brown,* 122 Ga. App. 316 (176 SE2d 621). On the corporate defendant's motion for summary judgment it appears that Freeman was a taxicab driver; that he worked for Buffalo Cab Co., customarily driving between Atlanta and the Atlanta Airport at times between 8 or 9 a.m. and 4 p.m.; that he used the automobile here involved for business and personal use and was in the process of purchasing it from his employers; that on the day in question he made one trip to the airport in the morning; that he quit work at about 11 a.m., picked up his wife at a grocery store, picked up a friend at her home, drove to his apartment, parked the car, ate lunch at home, and at about 1:20 p.m. was watching a baseball game when he heard a noise and looked out to discover that his car had rolled down an incline and collided with a parked vehicle in which plaintiff was sitting.

Freeman was not in the course of his employment as a taxicab operator at the time of the alleged injuries. This is not a situation within the ambit of cases like *Ayers v. Barney A. Smith*

*Motors,* 112 Ga. App. 581 (145 SE2d 753), the specific fact situation there including testimony that the salesman driver, entrusted with a demonstrator automobile for purposes of sale, was while en route to visit his parents also alert to any opportunity of soliciting prospects which the trip might have presented. Here the defendant had ceased driving the vehicle as a taxi, had performed personal errands and had then left the car parked at his home while engaging in other personal recreation. The trial court should have sustained the motions for summary judgment of Buffalo Holding Co., Inc. and Buffalo Cab Co., Inc.

2. The record is undisputed that Freeman parked the car and left it in "park" gear; there is a question of fact as to whether the emergency brake was on. It is undisputed that it was open, the windows were down, and a young child was sitting behind the wheel at the time it rolled down the incline. The only possible choice of explanations lies in the inference (a) that Freeman negligently failed to secure the car, which eventually rolled downhill of its own accord, or (b) the child who was seen in the car tinkered with the gears or brake or both and thus allowed the automobile to roll down the incline. Under the first hypothesis a jury question on Freeman's negligence as to the manner in which he secured the vehicle would be presented under *Kroger Co. v. Perpall,* 105 Ga. App. 682 (4) (125 SE2d 511). Under the second liability might also exist, depending upon the care used in parking the vehicle and whether or not there was a duty to anticipate that young children might be playing around it in such manner as to release the braking mechanisms and that a person or object might be stationed behind the car in such manner as to be injured if they did so. In this regard see *Johnson v. John Deere Plow Co.,* 214 Ga. 645 (106 SE2d 901). These are matters of proof on the trial of the case, and the court did not err in denying the motion for summary judgment as to Freeman.

3. In his motion for rehearing, counsel for appellee complains that we did not expressly pass on the motion to dismiss the appeal filed in this court. The motion was without merit for the following reasons: *Code Ann.* § 6-808 states in part: "Where no tran-

script of evidence and proceedings is to be sent up, the clerk shall prepare and transmit the record within 20 days after the date of filing of the notice of appeal. If for any reason the clerk is unable to transmit the record and transcript within the time hereinbefore required . . . he shall state in his certificate the cause of the delay, and the appeal shall not be dismissed." *Code Ann.* § 6-809 states in part: "No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law . . . but . . . the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs." *Code Ann.* § 6-809 also calls for notice and hearing by the trial court. However, that the appellate courts also had jurisdiction to dismiss appeals for late payment of costs was first established under the new Appellate Practice Act on the basis of Constitutional authority and court rules, in *George v. American Credit Control*, 222 Ga. 512 (150 SE2d 683) where it was held that an additional 78-day delay in paying costs following a 90-day delay on the part of the clerk due to stress of work constituted a stale appeal by the laches of the appellant. In the present case there is a total elapsed time of 40 days. Twenty-four of those days the clerk certified to be due to the stress of work in his office. On the sixteenth day prior to payment a bill for costs was mailed to appellants' counsel. Costs were mailed to the clerk, and length of time taken up by the transmission of the bill and check are not shown. Since the 24-day period certified as due to stress of work in the clerk's office cannot be counted against the appellants, and the time for transmission by mail should not be counted as laches on the part of the appellants, and the remaining time is less than 20 days, this court does not consider the appeal as dismissable as a "stale appeal," under *George v. American Credit Control,* supra.

It should further be noted that *Code Ann.* § 6-808 directs the clerk to send up the record 20 days after the notice of appeal if the

transcript of evidence is already on file, 20 days after the notice where no transcript of evidence is to be sent up, but otherwise five days after the date of filing of the transcript. Following the logic urged by the appellee that this court is obliged to dismiss where these time periods are exceeded, it is obvious that this could include a case where the transcript is filed two days after the notice of appeal, but even though the clerk immediately mailed a bill for costs and the money was sent by return mail, an intervening weekend or holiday plus mailing time would consume five full days and it would be impossible to meet the demands of the Code section so construed. On the other hand, since *Code Ann.* § 6-808 specifically provides for dismissals for failure to pay costs to be made by the *trial* court after notice and hearing, and spells out: "No appeal shall be dismissed by the *appellate* court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law," it follows that the right of the appellate court, as distinguished from the trial court, to dismiss an appeal because of late payment of costs must be based not on *Code Ann.* § 6-808 which provides for the time the clerk of court has to forward the record, but, as in *George v. American Credit Control,* supra, under its inherent and Constitutional powers and in the exercise of its rule-making authority derived therefrom to dismiss an appeal which in its opinion represents a stale appeal. The sixteen-day delay in this case, including mailing time both ways, is not such a situation.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., and Quillian, J., concur. Evans, J., concurs in the judgment only. Eberhardt and Pannell, JJ., dissent. Whitman, J., not participating.*

ARGUED APRIL 5, 1971—DECIDED OCTOBER 21, 1971—
REHEARING DENIED NOVEMBER 16, 1971—

*Michael J. Reily,* for appellants.

*McClain, Mellen, Bowling & Hickman,. Arthur Gregory,* for appellee.

EBERHARDT, Judge, dissenting. For the reasons stated in my dissent in *Continental Investment Corp. v. Cherry* 124 Ga. App.

863, I join Judge Pannell in dissenting here. The Supreme Court having interpreted the Constitutional and statutory provisions and, in doing so, having determined that a delay in the payment of costs for as little as four days beyond the statutory period allowed for transmission of the record, thus causing delay in transmission of it, is unreasonable and affords ground for dismissal of the appeal, I simply cannot see how we can say that a delay of 20 days beyond the statutory period does not. We are either ignoring the decisions of the Supreme Court or placing our judgment above theirs.

PANNELL, Judge, dissenting. I dissent from the opinion rendered in this case on the ground that the appeal should have been dismissed on the authority of the following cases: *U-Haul Co. v. A Trailer &c. Rentals*, 225 Ga. 195 (167 SE2d 135); *Fahrig v. Garrett*, 224 Ga. 817 (165 SE2d 126); *Jacobs v. Shiver*, 226 Ga. 284 (174 SE2d 415); *Hardy v. D. G. Machinery &c. Co.*, 224 Ga. 818 (165 SE2d 127), conformed to in *D. G. Machinery &c. Co. v. Hardy*, 119 Ga. App. 194 (166 SE2d 580). It necessarily follows that I dissent from any ruling made upon the merits of the case.

I am authorized to state that Judge Eberhardt joins in this dissent.