## 56217. GRAHAM v. THE STATE.

SHULMAN, Judge.

We affirm the judgment entered on a jury verdict finding defendant guilty of burglary.

1. The trial court refused to permit a police officer to compare the tread on tennis shoes worn by defendant at the time of his arrest with photographs of certain shoe prints taken at the scene of the crime. As to the admissibility of testimony concerning the shoes, without photographic comparisons, see *Gunter v. State,* 223 Ga.

290 (5) (154 SE2d 608).

Appellant asserts that the court erred in not taking corrective measures to inform the jury to disregard any implication that a connection existed between the tennis shoes and the photographs.

The trial court specifically refused to allow comparison testimony. Ruling out the testimony obviated the need for instructions to disregard the same. Cf. *Harper v. Nu-Air Mfg. Co.,* 107 Ga. App. 4 (1) (128 SE2d 554). Absent a request, no further instructions were required. *Pritchard v. State,* 225 Ga. 690 (3) (171 SE2d 130).

2. Appellant argues that the court erred in admitting identification testimony resulting from a "one-on-one" confrontation. We disagree.

According to the testimony, a witness, upon returning home one night, observed appellant in her house in the act of burglary. This observation was made at a distance of 20 to 25 feet while the witness was outside a bedroom window looking into the lighted house. The witness clearly saw appellant's face. This witness went to a neighbor and reported the crime to the authorities. About 15 minutes after the crime was reported, appellant, whose description matched the police bulletin, was apprehended by the police and taken directly to the scene of the crime. See, e.g., *Walker v. State,* 139 Ga. App. 751 (1) (229 SE2d 546). When asked whether the suspect might be the person who committed the crime, the witness immediately identified him as the burglar.

Under the totality of the circumstances, we do not find the showup to be impermissibly suggestive. *Walker,* supra. See also *Davis v. State,* 233 Ga. 847 (1) (213 SE2d 695), citing Bates v. United States, 405 F2d 1104 (1968) with approval.

3. "It was not error to refuse to grant a motion for continuance based on the absence of any record of the committal hearing. There is no requirement that an appellant be furnished with an abstract of any evidence at a committal hearing [cit.] or a transcript of the evidence taken in a hearing by a court of inquiry. [Cit.]' [Cit.]" *Nettles v. State,* 144 Ga. App. 473 (241 SE2d 589).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JUNE 27, 1978 — DECIDED SEPTEMBER 12, 1978.

*Stephen H. Harris,* for appellant.
*Andrew J. Ryan, III, District Attorney, Frederick Kramer, Assistant District Attorney,* for appellee.