67111, 67112, 67113, 67114. GEORGIA KRAFT COMPANY, WOODKRAFT DIVISION v. LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION 246 (AFL-CIO) et al.; and vice versa.

POPE, Judge.
Plaintiff Georgia Kraft Company, Woodkraft Division (Georgia Kraft) was struck by Laborers' International Union of North America, Local Union 246 (AFL-CIO) (Local 246) in November and December of 1979. During the strike several incidents of violence and vandalism involving property of non-striking employees and Georgia Kraft property occurred. During the strike, Georgia Kraft sought and was granted a temporary restraining order prohibiting illegal strike activity. At the conclusion of the strike, Georgia Kraft pursued its action for damages for tortious interference with business for allegedly illegal strike activity against Local 246 and its affiliated district council and international union, certain named union officials, as well as twenty-one individual members of the local union; later, these indi-

vidual local union members were voluntarily dismissed. The jury returned a verdict in favor of Georgia Kraft in the amount of $263,166 against the individual union officials, Tommy Williams, Guy Tipton and Richard Barnes; the jury found in favor of each of the unions. After trial, the court set aside the verdict as to Williams, Tipton and Barnes for lack of jurisdiction and venue. Georgia Kraft now appeals, as do each of the defendants by cross-appeal. We will consider first the main appeal.

1. In enumerations 5, 6, 7 and 8 Georgia Kraft argues the trial court erred in allowing testimony regarding prior adjudication by the National Labor Relations Board (NLRB) in violation of the court's order in limine excluding such evidence; in allowing into evidence separation notices for workers fired for alleged strike misconduct; in allowing testimony regarding back pay for such workers; and in allowing into evidence statements of Georgia Kraft labor policy at plants other than the Greenville, Georgia plant which was struck. Georgia Kraft argues that all such evidence was irrelevant to the issue of whether the defendants committed the tort of interference with business.

We first note that the record does not show that the defendants were allowed to introduce evidence of prior determinations of the NLRB. In its order in limine, the court ruled inadmissible any ruling or adjudication by the NLRB. In a few instances, witnesses made voluntary reference to the NLRB ordering Georgia Kraft to take workers back; objections were made each time. The court sustained the objections and instructed the jury to disregard the remarks. Since the court ruled in favor of Georgia Kraft and gave cautionary instructions to the jury, this ground presents no question for review by this court. See *Graham v. State*, 147 Ga. App. 202 (1) (248 SE2d 332) (1978); *Harper v. Nu-Air Mfg. Co.*, 107 Ga. App. 4 (1) (128 SE2d 554) (1962).

As to the other issues, separation notices, back pay, and labor policy at other Georgia Kraft plants, we cannot say that these matters were totally irrelevant to the issues being tried. Georgia Kraft alleged that the unions and union officials conspired and acted to illegally interfere with its business through acts of violence and intimidation by striking workers. Showing that the company had first fired workers for alleged strike misconduct and later reinstated those same workers with back pay is material to test the credibility of company claims of damages. "Questions of relevancy of evidence are for the court. [Cit.] When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. [Cits.] That the testimony objected to falls short of proving the fact sought to be established is not in itself sufficient reason for ex-

cluding it, provided that it, alone or in connection with other testimony, tends to prove the matter in issue. [Cit.] Evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light on a material issue or issues is relevant. [Cit.]" *Jones v. Smith*, 160 Ga. App. 147, 148-9 (286 SE2d 478) (1981). "[E]ven where the relevancy of evidence is doubtful, it should be submitted to, and its weight determined by, the jury. [Cits.]" *Carver v. Jones*, 166 Ga. App. 197, 199 (303 SE2d 529) (1983).

Georgia Kraft further argues that each of these matters was brought out only on cross-examination, and thus exceeded the scope of direct examination. There is no merit to this argument. "Georgia has always followed the traditional, common law, English or 'free' rule as to the scope of cross-examination. . . . Under this rule the witness may be asked on cross-examination about any subject relevant to any of the issues in the entire case, including facts relating solely to the cross-examiner's own case or affirmative defense." Agnor's Ga. Evid. 40-41, § 4-8 (1976); *Cowart v. Strickland*, 149 Ga. 397 (2) (100 SE 447) (1919); *Ficken v. City of Atlanta*, 114 Ga. 970 (1) (41 SE 58) (1902). We find no merit in the enumerations dealing with relevancy.

2. In enumerations 9 and 10 Georgia Kraft assigns as error the trial court's rulings allowing the defendants to use a portion of the deposition of David Oliver in their case-in-chief after Oliver had been excused, and the court's ruling that Barbara Lawler, an employee of Georgia Kraft, was not qualified to offer an opinion on how many striking workers would have returned to work absent violence connected with the strike. Both of these rulings were within the sound discretion of the trial court.

"The deposition of a witness, whether or not a party, taken upon oral examination, may be used in the discretion of the trial judge, even though the witness is available to testify in person at the trial." OCGA § 9-11-32 (a) (4). "A decision by the trial court to admit into evidence a deposition taken upon oral examination where the witness is available shall be reversed only where the party objecting to the admission . . . shows that the trial court abused its discretion." *Atlanta Coca-Cola Bottling Co. v. Rosser*, 250 Ga. 52, 54 (295 SE2d 827) (1982). We find no such abuse here.

"Whether a witness is qualified to give his opinion as an expert is within the discretion of the trial court, and such discretion will not be disturbed unless manifestly abused. [Cits.]" *Smith v. Hosp. Auth. of Terrell County*, 161 Ga. App. 657, 659 (288 SE2d 715) (1982). Ms. Lawler had been with Georgia Kraft only four and one-half months at the time of the strike; her previous strike experience was limited to one strike in a completely unrelated industry in another state in which she had no significant responsibility. We find no abuse of dis-

cretion in this ruling.

3. Georgia Kraft complains of one charge given and the trial court's refusal to give three requested charges on concurrent cause of damages. In its lengthy charge on principal and agent the court gave the following charge regarding the international union: "I charge you that the International Union is not liable in the action of, participation in, or authorization or ratification of the wrongful acts alleged herein; thus, unless you find that Mr. Henson authorized, participated in, or ratified any of the alleged misconduct herein, you shall render a verdict in favor of the International Union. The International Union is not liable for the unlawful acts of its local or district council officers or agents, if any, unless you find from the evidence before you that the International Union ratified those unlawful acts." Obviously, the beginning of this charge is in error; it completely removes any issue as to the international union from the jury. If the court had stopped there, he would have committed reversible error. However, the court went on and corrected the misstatement with the remainder of the charge. " '(I)f it can be determined that the point in issue was presented in substantially . . . clear and understandable a manner . . . keeping in mind that a jury is a lay audience, there should be no reversal where the language conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation.' [Cit.]" *Haynes v. Hoffman*, 164 Ga. App. 236, 237 (296 SE2d 216) (1982). "The court's instruction to the jury should be looked to as a whole, and if the applicable law is stated accurately and fairly, in such manner as to work no prejudice . . ., then this court will not consider a challenge to the wording of isolated segments. [Cit.]" *Riceman v. State*, 166 Ga. App. 825, 827 (305 SE2d 595) (1983). The complete charge as to the international union, coupled with the court's general charge on the law of principal and agent, gave sufficiently clear and accurate instruction to the jury as to the basis for possible liability of the international union. We therefore find no merit in this enumeration.

Regarding the three requests to charge omitted by the court, we find that the principles of Request Number 23 were covered by the court's charge as given. Therefore, it was not error to refuse to charge it. *Watkins v. Davis*, 152 Ga. App. 735 (3) (263 SE2d 704) (1979). Request Number 22 reads: "Ladies and Gentlemen of the Jury, I charge you that if two forces are actively operating, one because of the alleged wrongful acts attributable to defendants, and the other not because of any misconduct on defendants' part, and each of the forces is of itself sufficient to bring about harm or damage to another, the defendants' wrongful acts may be found by you the jury to be the substantial factor in bringing about the damage, and you may assess the entire damage against the persons or parties perpetrating the

wrongful acts." Request Number 24 reads: "Ladies and Gentlemen of the Jury, I charge you that if you find that defendants, or some of them, have been at fault and have caused some part of Georgia Kraft's damages, if any, the burden of proof should rest upon the defendants to show that they, or some of them, caused only part of the damage, and that if defendants cannot sustain such a burden, such defendants may be held liable and responsible by you for the entire damages, if any, suffered by Georgia Kraft." Each request is taken from a California case, Fibreboard Paper Products Corp. v. East Bay Union of Machinists, Local 1304, United Steelworkers of America, AFL-CIO, 227 Cal. App. 2d 675 (39 Cal. Rptr. 64) (1964). In order to reverse for failure to give a requested charge, the charge so requested must be entirely correct, accurate and adjusted to the pleadings, law and evidence, and not otherwise covered in the general charge. *Medoc Corp. v. Keel*, 166 Ga. App. 615 (2) (305 SE2d 134) (1983); *Gibbs v. First Fed. Savings &c. Assn.*, 161 Ga. App. 27 (1) (289 SE2d 1) (1982). Neither of the remaining requests is a complete and accurate statement of the law.

The United States Supreme Court has recognized that cases involving alleged torts under state law by striking unions and union members require balancing federal labor policy with compelling state interests. " '(W)e have allowed the States to grant compensation for the consequences, as defined by the traditional law of torts, of conduct marked by violence and imminent threats to the public order. [Cits.] . . . State jurisdiction has prevailed in these situations because the compelling state interest, in the scheme of our federalism, in the maintenance of domestic peace is not overridden in the absence of clearly expressed congressional direction.' [Cit.]" United Mine Workers of America v. Gibbs, 383 U. S. 715, 721 (86 SC 1130, 16 LE2d 218) (1966). "This Court has consistently recognized the right of States to deal with violence and threats of violence appearing in labor disputes, sustaining a variety of remedial measures against the contention that state law was pre-empted by the passage of federal labor legislation. [Cits.] . . . [T]he permissible scope of state remedies in this area is strictly confined to the direct consequences of such conduct, and does not include consequences resulting from associated peaceful picketing or other union activity." Id. at 729. The court went on to note that in extreme cases where peaceful action was "entangled" and "enmeshed" with violence to such a degree that a momentum of fear surrounded the peaceful activities, then in an action for damages under state law "all damages resulting from the picketing [which] were proximately caused by its violent component or by the fear which that violence engendered" might be had. Id. at 731, 732.

Georgia Kraft argues that this case is indeed one which would fit the latter category. However, even were we to agree, the requested

instructions do not set out any requirements that the jury find that the alleged violent acts sued upon were so enmeshed and entangled as to be inseparable from the legal, peaceful activity. Therefore, the instructions are not complete and accurate and it was not reversible error for the trial court to refuse to give them.

4. Georgia Kraft argues that the verdict reached by the jury is illogical, irreconcilable, and inconsistent with the evidence; it also argues that the trial court abused its discretion in not granting a new trial. In arguing that the verdict is illogical and inconsistent, Georgia Kraft asserts that the evidence demands a verdict against the local union as well as the district council because it was proved that the officials were at all times acting within the scope of their employment. We disagree. While there is evidence from which the jury could have found that the union officials were acting as agents of the union entities, and thus under the doctrine of respondeat superior could have found the union liable, there also is evidence which suggests that the officials did acts which were outside the scope of their employment. It is elementary that such acts would not be imputable to the unions in that case. See generally *Curtis, Inc. v. Kelley*, 167 Ga. App. 118, 119 (305 SE2d 828) (1983); *Marketing Sales Indus. of Ga. v. Roberts*, 118 Ga. App. 718, 719 (165 SE2d 319) (1968).

" '(O)n appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. (Cits.) . . . (A)fter the verdict is approved by the trial judge the evidence must be construed so as to uphold the verdict even where there are discrepancies. (Cits.)' " *Williams v. McCoy Lumber Indus.*, 146 Ga. App. 380, 381 (246 SE2d 410) (1978). Indeed, Georgia Kraft at trial recognized the possibility that the jury could find from the evidence that the union officials did acts on their own which could be found outside the scope of their employment and authority. This is demonstrated by their requests to charge on apparent authority, and that the fact of agency is a matter for the jury to decide. These requests were given by the court. Thus, Georgia Kraft cannot now complain because the jury did in fact find that acts causing damage to Georgia Kraft were done by these officials, but were not done within the scope of their employment, and were not ratified by the unions. See also *Chastain v. Fuqua Indus.*, 156 Ga. App. 719 (4) (275 SE2d 679) (1980); *Southern Nitrogen Co. v. Manuel*, 110 Ga. App. 597 (3) (139 SE2d 453) (1964).

We find no error in the trial court's denial of Georgia Kraft's motion for new trial. In effect, Georgia Kraft argues that all the actions below complained of taken together required the grant of a new trial. This state does not follow the doctrine of cumulative error. " ' "Any error shown upon the record must stand or fall upon its own merits and is not aided by the accumulative effect of other claims of error."

[Cit.]' [Cit.]" *Sierra v. State*, 155 Ga. App. 198, 201 (270 SE2d 368) (1980).

5. Finally, Georgia Kraft argues that the trial court erred in setting aside the verdict against the union officials for lack of jurisdiction and venue. "Where joint tortfeasors . . . residing in different counties are sued in the county of one, and on the trial of the case the resident defendant is discharged and a verdict returned solely against the non-resident defendant, the court is without jurisdiction to enter a judgment against the non-resident defendant. [Cits.] 'In such a case where the resident co-defendant is found not liable by the jury, the court's jurisdiction over the non-resident defendant vanishes.' [Cit.]" *Steding Pile Driving Corp. v. John H. Cunningham & Assoc.*, 137 Ga. App. 165, 166 (223 SE2d 217) (1976). Georgia Kraft argues that defendants Williams, Tipton and Barnes waived any defenses based upon jurisdiction and venue by voluntarily consenting to entry of the temporary restraining order; not objecting to the verdict form and charge in which the court advised the jury that it could find against any and all of the defendants; arguing the same to the jury in closing argument; and finally, by making a motion for judgment on the merits before moving the court to set aside for lack of venue and jurisdiction. We find no waiver.

Local 246 is an unincorporated association conducting business in Meriwether County; as such, it is deemed to be a resident of that county. See OCGA § 9-2-25 (c). The complaint was brought jointly and severally against all defendants. In their answers Williams, Tipton and Barnes preserved the venue and jurisdiction defenses. Until the jury verdict in favor of Local 246, Williams, Tipton and Barnes had no defense to waive. Therefore, consent to the interlocutory decree could not be waiver. See *Steding*, supra at (2). Nor did defendants' actions in failing to object to the verdict form or charge constitute waiver. The court in *Steding* expressly rejected such a contention: "We do not believe that the mere failure to object to such charge was conduct legally amounting to a waiver of personal jurisdiction. We have been unable to find any case law which would support such a holding. Rather, a study of the case law has led us to conclude that there is a need for some affirmative action on the part of the non-resident defendant in order for the court to find that there has been a waiver of personal jurisdiction or venue." *Steding*, supra at 168. Nor do we find that the defendants waived the defense in closing argument; the portion of the transcript pointed to as waiver is merely explanation by counsel for there being four different attorneys representing each of the defendants. Nor did defendants invoke a ruling of the court as to the merits before raising their jurisdictional and venue defenses. A motion was made for judgment notwithstanding the verdict; however, the motion was put in abeyance and never ruled upon.

"A motion for judgment notwithstanding the verdict . . . filed prior to entry of the judgment on the verdict is void." *Wall v. C. & S. Bank of Houston County,* 153 Ga. App. 29, 30 (264 SE2d 523) (1980). Judgment was not entered until a later time, after the attempted motion j.n.o.v.

Georgia Kraft argues that venue and jurisdiction were in any event proper as to Williams and Tipton, since they were out-of-state non-residents subject to jurisdiction in Meriwether County under the Long Arm Statute, OCGA §§ 9-10-91 and 93. The statute provides that jurisdiction will lie in any county where an out-of-state non-resident defendant committed a tort. However, Williams and Tipton were not sued under the Long Arm Statute; rather, jurisdiction was alleged because of their status as joint tortfeasors. The jury verdict and judgment originally entered was against Williams, Tipton and Barnes, jointly and severally. Barnes is and was a resident of DeKalb County. Therefore, it is clear that setting aside the judgment as to him was proper; Georgia Kraft concedes that if we do not find waiver as to Barnes, the trial court's ruling as to him is correct. Georgia Kraft urges us then to sever the judgment and reinstate it as to Williams and Tipton. This we cannot do. "[A] verdict and judgment rendered against two or more joint tortfeasors is single and indivisible, and must stand or, as in this case, fall in toto. [Cits.]" *Southeastern Truck Lines v. Rann,* 214 Ga. 813, 817 (108 SE2d 561) (1959). Therefore, the trial court did not err in setting aside the verdict and judgment for lack of venue and jurisdiction.

In light of our rulings above, we need not reach any of the errors alleged in the cross-appeals.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1984 —
REHEARING DENIED MARCH 30, 1984 — ▮▮▮▮▮▮▮▮▮▮

*Frank Love, Jr., Jeffrey W. Kelley,* for Georgia Kraft Company, Woodkraft Division.

*Theodore T. Green, Robert J. Connerton,* for Laborers' International Union of North America, Local Union 246 (AFL-CIO).

*Randall Blackwood,* for Tommy Williams, and Local 246.

*Martha F. M. Chewning,* for Guy Tipton.

*Harold D. Corlew,* for Laborers' District Council of Georgia & South Carolina, and Richard Barnes.